CASE 9—INDICTMENT—SEPTEMBER 11.

## Commonwealth v. Stringer, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. In summary proceeding under section 1, article 35, chapter 29, of General Statutes, on tavern-keeper's bond, judgment cannot be rendered against the sureties without including the principal.
2. In an ordinary action on the bond judgment can be rendered against the sureties alone.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

1. The bond of a tavern-keeper is a civil obligation or contract.
2. The surety has the right to contest the actual breach of the bond, whether the principal be convicted or not.

JNO. W. LOCKETT, COMMONWEALTH'S ATTORNEY.

The surety had the right to raise the issue as to a breach of the principal's bond, and can be required to pay the penalty of the bond without a conviction of the principal. (Sections 256, 259, 260, Criminal Code; Margoley v. Commonwealth, 3 Met., 406.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

John Bivens was indicted for breach of his bond as tavern-keeper, and appellees, Stringer and Dossett, his sureties in the bond, were mentioned as such in the indictment, and cited to appear. Bivens not having been served with process, appellees appeared, denied the breach, and on the issue thus formed the jury returned a special verdict, establishing the breach, upon which finding the Court refused to render judgment against appellees, because Bivens had not been convicted.

The proceedings were had under section 1, article 35, chapter 29, of General Statutes, which is as follows :

"A tavern-keeper may be indicted for a breach of his obligation, and, upon conviction, the Court shall render judgment against him for the sum of three hundred dollars, and may also embrace in the same judgment such of the sureties as have been served with a copy of the summons at least ten days before the commencement of the term. It is hereby made the duty of the clerk to issue a summons against each surety in the bond of the tavern-keeper on which the indictment is found."

The only question before the Court is, whether appellees, as sureties on the bond, can be adjudged to pay for the breach thereof, before conviction, by direct process of the principal in the bond.

Under the statute referred to, it was unnecessary to embrace in the indictment the names of the sureties in order to secure a judgment against them. When the principal in

the bond is indicted for its breach, it becomes the duty of the clerk to issue summons against each of the sureties whose names appear upon the bond. It was the intention of the Legislature to furnish a summary remedy against the sureties, but not, except as hereinafter expressed, to make their liability dependent upon the conviction of the principal. The sureties have the right to question the alleged breach, without regard to whether the principal has been convicted. The right to embrace the sureties in the same judgment with the principal is permissive only, and not mandatory. They may be proceeded against either before or after the conviction of the principal, with the right always to be heard upon the question of the breach. The summary proceeding referred to is intended to be cumulative only, but not in any way to limit the liability of the bondsmen or alter it from the terms of the bond, by which their obligation must be determined. The remedy against the sureties provided by the statute, while it does not take away the right to proceed in an ordinary action against any or all of the bondsmen, must generally be strictly pursued. In the statutory proceeding, the judgment against the sureties must be embraced in the judgment against the principal. When the Commonwealth resorts to this summary remedy, it must be strictly pursued to authorize judgment. The conviction of the principal is not a condition precedent to judgment against the sureties, except when the summary statutory remedy is pursued, instead of an ordinary action on the bond.

Margoley, &c., v. Commonwealth, 3 Met., is not in conflict with the views here expressed; but if it were, the language of the law construed in that case is so essentially

different from the law as found in the General Statutes, that the cases could be easily distinguished.

Wherefore, the judgment is affirmed.