CASE 3—PROSECUTION AGAINST ED. RISNER FOR VOLUN-
TARY MANSLAUGHTER.—March 23, 1909.

# Risner v. Commonwealth

Appeal from Magoffin Circuit Court.

D. W. GARDNER, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1. Criminal Law—Appeal—Verdict—Conclusiveness.—A verdict, supported by the testimony of one witness, though contradicted by the testimony of accused, corroborated by another witness, will not be disturbed on appeal.
2. Criminal Law—Appeal—Objections—Record.—An objection that the verdict was only the verdict of one man, and not of twelve, not bottomed on any fact or exception in the record, nor explained in the brief of accused's counsel, will not be considered on appeal.
3. Criminal Law—Appeal—Rulings on Evidence—Review.— Where the record does not show what incompetent evidence was admitted, or what competent evidence was excluded, and the brief of the counsel of accused does not indicate the fact, an objection that incompetent evidence was admitted, and competent evidence excluded, will not be considered.
4. Criminal Law—Instructions—Refusal of Requests.—It is not error to refuse an instruction, where the instructions given omit no feature of the law applicable to the case.
5. Criminal Law—Contradiction of Deposition of Absent Witness.—The rule that the court, after admitting as a deposition statements of an absent witness as shown by an affidavit for a continuance, cannot permit the adverse party to prove that the absent witness, if present, would not make the statements attributed to him by the affidavit does not

Risner v. Commonwealth.

preclude the State from contradicting by other testimony the statements imputed to the absent witness, in the same manner that statements contained in a formal deposition of a witness may be contradicted.

6. Criminal Law—Contradiction of Deposition of Absent Witness—Argument of Counsel.—Where accused, in whose behalf statements of an absent witness contained in the affidavit for a continuance are read as a deposition, gives testimony contradictory of the affidavit, counsel for the State may in argument point out and comment on the contradiction.

7. Criminal Law—Appeal—Objections Presented in Motion for New Trial.—Under the rule that there can be no review of an error by the trial court, unless it is first called to the attention of the trial court in the motion for a new trial, errors based on the improper argument of the prosecuting attorney, not mentioned in the motion for a new trial, will not be reviewed.

8. Criminal Law—Rights of Accused.—The court may, without violating the rights of accused, compel a trial by admitting in evidence his affidavit for a continuance on the ground of the absence of a witness, containing facts to which it is averred the absent witness would, if present, testify.

9. Criminal Law—Appeal—Errors Not Presented in Motion for New Trial—Review.—The refusal of a continuance on the ground of the absence of a witness, with the admission in evidence of the affidavit for a continuance, containing facts to which the absent witness would, if present, testify, not presented in the motion for new trial, is not reviewable on appeal.

BYRD & HOWARD for appellant.

POINTS AND AUTHORITIES CITED

1. The defendant has a right to have compulsory process for his absent witnesses who are material to his defense and to have a reasonable time in which to have same executed. (Section 11 of Bill of Rights; Adkins v. Commonwealth, 98 Ky., 539.)

2. Improper and prejudicial arguments of Commonwealth's attorney is ground for reversal. (Redmond v. Commonwealth, 51 S. W., 565; Johnson v. Commonwealth, 61 S. W., 1005; Carroll v. Commonwealth, 92 S. W., 308.)

3. Verdict of jury should be reported by foreman. (Criminal Code, Section 255.)

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Assistant Attorney General, for appellee.

POINTS AND AUTHORITIES.

1. Errors not pointed out in motion and grounds for new trial can not be considered by this court. (Criminal Code, Sec. 271; Hopkins v. Commonwealth, 3 Bush, 480; Lewis v. Commonwealth, 19 R., 1139; Baker v Commonwealth, 20 R., 879; Nicely v. Com-

Risner v. Commonwealth.

monwealth, 22 R., 900; Ison v. Commonwealth, 23 R., 1805; Griffin v. Commonwealth, 23 R., 2148; Howard v. Commonwealth, 24 R., 91; Thomas v. Commonwealth, 25 R., 201; Thompson v. Commonwealth, 28 R., 1137.)

2. No error in refusing continuance. (Criminal Code, Sec. 189; Criminal Code, Sec. 340; Adkins v. Commonwealth, 98 Ky., 539.

3. Argument of counsel. (Hourigan v. Commonwealth, 94 Ky., 520; Howarton v. Commonwealth, 33 R., 1008; Horseman v. Commonwealth, 33 R., 311; Oschner v. Commonwealth, 33 R., 119.)

Opinion of the Court by Chief Justice Settle—Affirming.

The appellant, Ed. Risner, by this appeal seeks the reversal of a judgment of the Magoffin Circuit Court, entered upon the verdict of a jury, finding him guilty of voluntary manslaughter, and fixing his punishment at three years' confinement in the penitentiary. The indictment under which appellant was tried and convicted charged him with the crime of murder. The victim of the homicide was William Hale, whose death resulted from a pistol ball fired by the hand of appellant. Appellant moved for a new trial in the court below on the following grounds: "(1) Because the verdict was contrary to law, and not sustained by the evidence; (2) because the judgment was not authorized by the verdict of the jury; (3) because the verdict was only the verdict of one man, and not of twelve; (4) because the court erred in overruling a demurrer to the indictment; (5) because the court allowed incompetent evidence offered by the plaintiff to go to the jury and be considered by them, and refused to allow competent evidence by the defendant to go to the jury and be considered by them; (6) because the court erred in giving to the jury instructions Nos. 1, 2, 3, 4, 5; (7) because the court failed to give the jury the whole law of the case."

Grounds 1 and 2 may be disposed of together, as they present in effect, though in different words, the same objection, to properly dispose of which consideration of the evidence will be necessary. Without discussing in detail the facts furnished by the record

they were, in substance as follows: Deceased, appellant, and Leander Risner all live upon a tributary of the middle fork of Licking river, in Magoffin county, appellant's home being between and a short distance from those of deceased and Leander Risner. For some reason wholly unexplained by the record there was some ill will existing between appellant and these two neighbors of his, which had only manifested itself previous to the day of the homicide in an occasional failure of the parties to speak to each other when casually meeting. On the day of the killing Wm. Hale, the deceased, had at his residence some elderberry wine of which he and Leander Risner, on the morning of that day, partook to the point of intoxication. According to the testimony of absent witnesses whose statements were set forth in an affidavit made by appellant and admitted as a deposition, deceased and Leander Risner, while at the house of the former, expressed a hostile feeling toward appellant, and said they intended to kill or run him off the branch, which appellant claimed was communicated to him the morning of the homicide. After drinking of the elderberry wine deceased and Leander Risner left the home of deceased and went to that of Leander Risner, where they remained some time, but in the afternoon returned to the home of deceased, and in approaching saw appellant, who had gone there in their absence, leaving it in such a manner as indicated a purpose to avoid meeting them. They entered the house of deceased, and according to the statements attributed by the affidavit of appellant to the absent witnesses, deceased charged that appellant had been drinking his wine, and got his shotgun, threatening to shoot him, but was prevented by the persons in the house from doing so. The alleged threats were not heard by appellant, nor did he then know of the alleged attempt made by deceased to shoot him. Still later in the afternoon deceased and Leander Risner again left the home of deceased and started for that of Leander Risner. The

road led by the residence of appellant, upon reaching which they there saw Ashland Patrick, to whom they spoke, and, entering the yard, engaged him in conversation. The wife of appellant gave them and Patrick seats in the yard. Appellant, who after leaving deceased's house that morning had borrowed a pistol, went to where deceased, Patrick and Leander Risner were seated, and also took a chair. Leander Risner, witness for the Commonwealth, testified that the first intimation he had of a difficulty came from the language of appellant, who with an oath said to deceased, "If you have come here for any trouble, get out of my yard," and immediately drew his pistol and shot twice at deceased, who fell to the ground at the last shot, and later died; that deceased was twenty feet from appellant when he fell, was not making an assault upon or doing anything to appellant at the time, and had neither a knife nor other weapon in his hand with which to harm him. The testimony of appellant and Patrick as to the circumstances of the homicide greatly differed from that of Leander Risner. Both testified that while they, Wm. Hale, and Leander Risner were seated in the yard, the latter asked appellant what he was mad at him and Wm. Hale about, and that appellant said he was not mad; that Leander then told deceased to whip appellant, and deceased said with an oath "I will," immediately getting upon his feet and starting toward appellant with his hand in his hip pocket as if in the act of drawing a weapon, seeing which, appellant drew his pistol, and commenced to back away from deceased, telling him not to press on him, but that deceased persisted in doing so until within two steps of appellant, who then shot at him twice, the last shot proving fatal. An examination of the clothing of deceased after the shooting demonstrated that he had no weapon upon his person other than an ordinary pocket knife, which he had not drawn, for it was found in one of his pockets closed.

It is patent that the jury accepted the testimony of Leander Risner, and rejected that of appellant and Patrick. This they had the right to do, and it is not our province to disturb the verdict merely because appellant's version of the homicide was corroborated by another witness, and that of the Commonwealth's only eye witness was uncorroborated. In view of the admitted fact that deceased was an old man 70 years of age and intoxicated, and the further fact that appellant was a younger and more vigorous man, it is not improbable that the jury may have concluded from appellant's own account of the homicide that he could and ought to have avoided the taking of deceased's life by employing nature's weapons and his own superior strength in repelling the old man's attack upon him. But whatever may have been the reasons of the jury for arriving at the conclusion expressed in the verdict, it is manifest that there was some evidence to support it; and, this being true, there is no soundness in the contention made in appellant's first and second grounds for a new trial.

The third objection made to the verdict by appellant in the court below is not bottomed upon any fact or exception appearing in the record; nor does the brief of his learned counsel contain any explanation of what is meant by the complaint that "the verdict was only the verdict of one man, and not of twelve." Therefore we will assume that it is something unnecessary to consider.

We also find it unnecessary to consider the fourth ground for a new trial, except to say that the sufficiency of the indictment is too self-evident to require argument. Therefore the trial court did not err in overruling appellant's demurrer to it.

The fifth ground for a new trial it will also be unnecessary to notice. The record does not show, nor does the brief of appellant's counsel indicate, what, if any competent evidence was excluded on the trial.

The sixth and seventh grounds are clearly untenable, for no error is to be found in the instructions given by the circuit court, nor do we find that it erred in omitting to give others. The instructions given are to be commended for their brevity, fairness and completeness. They omit no feature of the law applicable to the case and consequently rendered wholly unnecessary the giving of others.

In addition to urging a reversal on the grounds relied on for a new trial, appellant also asks it on account of alleged misconduct of the Commonwealth's attorney in argument to the jury, which consisted in that officer's attempting to demonstrate that appellant's testimony on the witness stand was contradicted by statements attributed by his affidavit to certain absent witnesses, which he was allowed to read to the jury as the depositions of such witnesses, after being refused a continuance on account of their absence. There was no error in the failure of the court to exclude this statement of the Commonwealth's attorney from the jury. While it is true that a trial court after admitting to be read as a deposition statements attributed to an absent witness by an affidavit for a continuance, will not allow the opposite party to prove, or his counsel to argue, that such absent witness would not, if present and orally testifying, make the statements attributed to him by the affidavit, this rule will not preclude the opposite party from contradicting by other testimony the statements imputed to such absent witness by the affidavit. In the same manner statements contained in the formal deposition of such witness might be contradicted; and whatever contradiction may thus be established by proof may be argued by counsel to court or jury. Likewise, if the party in whose behalf the statements of the absent witness contained in the affidavit are read as a deposition gives testimony on the trial which is contradicted by that attributed by the affidavit to the absent witness counsel may, in

argument point out and comment upon the contradic-
tion. Howerton v. Commonwealth, 112 S. W. 606,
33 Ky. Law Rep. 1008; Ochsner v. Commonwealth, 109
S. W. 326, 33 Ky. Law Rep. 119. The Commonwealth's
attorney in the particular complained of seemed to
have kept within the above rule. But if this were not
so, and the trial court in not excluding part of the
Commonwealth's attorney's argument from the con-
sideration of the jury had glaringly erred, as claimed
by appellant, we would nevertheless be powerless to
correct the error, because it was not mentioned in the
motion or made a ground for a new trial in the circuit
court. This rule of practice has long been adhered to
by this court, and numerous decisions recognizing it
may be found. So in criminal procedure there can be
no review by this court of an error committed by the
circuit court on a trial of the case therein, unless the
error complained of. be first called to the attention of
that court in the written motion and grounds for a
new trial. Hopkins v. Commonwealth, 3 Bush, 480;
Lewis v. Commonwealth, 42 S. W. 1127, 19 Ky. Law
Rep. 1139; Baker v. Commonwealth, 47 S. W. 864, 20
Ky. Law Rep. 879; Nicely v. Commonwealth, 58 S.
W. 995, 22 Ky. Law Rep. 900; Ison v. Commonwealth,
66 S. W. 184, 23 Ky. Law Rep. 1805; Griffin v. Com-
monwealth, 66 S. W. 740, 23 Ky. Law Rep. 2148;
Howard v. Commonwealth, 67 S. W. 1003, 24 Ky. Law
Rep. 91; Thompson v. Commonwealth, 122 Ky. 501,
91 S. W. 701; Meese v. Commonwealth, 78 Ky. 58;
Herr v. Commonwealth, 91 S. W. 666, 28 Ky. Law
Rep. 1131; Bishoff v. Commonwealth, 123 Ky. 340,
96 S. W. 538.

It is further complained by appellant that the trial
court also erred in refusing him a continuance, and
that, though given on the trial the benefit of the
statements of his absent witnesses, the full effect
of their testimony could not in that way be had.
Moreover, that the privilege of their personal pres-
ence and oral testimony was guaranteed him by sec-

tion 11, Bill of Rights.  This question has likewise been decided adversely to appellant's contention by this court.  It is not a violation of the defendant's rights, or of the Bill of Rights, for the court, in a criminal case, to compel a trial by admitting the reading of his affidavit containing facts to which it is therein stated an absent witness would, if present, testify.  Adkins v. Commonwealth, 98 Ky. 539, 33 S. W. 948, 32 L. R. A. 108.  However, we need not have said this much with respect to the question of the continuance, for it was not presented in the court below in the motion or grounds for a new trial asked by appellant.

Our examination of the record and consideration of the questions it presents for review having failed to convince us that any substantial right of appellant was prejudiced by the rulings of the circuit court, the judgment must be, and is hereby, affirmed.