[No. 15170.    Department Two.    April 1, 1919.]

# PETER EKLUND, *Appellant,* v. H. B. HACKETT, *Respondent.*[1]

HUSBAND AND WIFE (122)—ALIENATION OF AFFECTIONS—INSTRUC-
TIONS.   In an action for alienation of affections, it is error to in-
struct to the effect that defendant's liability depended upon whether
or not he induced plaintiff's wife to obtain a divorce, and whether
at that time she had any affection for him, where there was evi-
dence tending to show that defendant had long previously alienated
her affections.

SAME (122).   In such an action, it is error to instruct that the
acts upon the part of defendant must have been done with intent
to alienate the affections of plaintiff's wife, where such acts were
improper and seductive in their nature and naturally tended to
alienate her affections.

SAME (120) — ALIENATION OF AFFECTIONS — EVIDENCE — ADMISSI-
BILITY.   In an action for alienation of affections, evidence of intimacy
with plaintiff's wife immediately after she had obtained a divorce
in order to marry the defendant, is admissible, within the discretion
of the trial court, to reflect light upon their previous relations and
conduct.

Appeal from a judgment of the superior court for
Grays Harbor county, Abel, J., entered May 18, 1918,
upon the verdict of a jury rendered in favor of the
defendant, in an action in tort.   Reversed.

*W. H. Abel* and *Martin F. Smith,* for appellant.
*L. H. Brewer* and *J. B. Bridges,* for respondent.

PARKER, J.—The plaintiff, Eklund, commenced this
action in the superior court for Grays Harbor county,
seeking recovery of damages which he claims to have
suffered from the wrongful alienation of the affections
of his wife by the defendant, Hackett.   The trial re-
sulted in verdict and judgment in favor of the de-

[1]Reported in 179 Pac. 803.

fendant, from which the plaintiff has appealed to this court.

The facts, in so far as we need here notice them, may be summarized as follows: Appellant Eklund and Elizabeth Varchmin were married in September, 1915. They established their home at Hoquiam, and were living in a rented house there at the time of the trouble here in question. About May 4, 1916, respondent Hackett went to the house in which Eklund and his wife were living to hang paper and decorate its walls for the owner. This was the beginning of Hackett's acquaintance with Mrs. Eklund. Soon thereafter, their acquaintance grew intimate, and there is evidence in the record tending to show that there occurred acts on the part of Hackett and Mrs. Eklund of a highly improper nature, wholly at variance with proper conduct between a man and another man's wife; that they were frequent, and for the most part occurred at the Eklund home during the absence of Eklund; and that Hackett and Mrs. Eklund soon became lovers and had, by August or September, 1916, formed the intention of being married to each other as soon as a legal separation of Mr. and Mrs. Eklund could be effected and the law would permit. In September, 1916, Mrs. Eklund was granted a divorce from Eklund, upon just what grounds the record does not clearly show, but evidently without resistance on the part of Eklund. Soon thereafter, Mrs. Eklund went to the Hackett home, where she remained some three weeks, though she did not live in the house alone with Hackett. In September, 1917, Hackett and Mrs. Eklund were married.

It is contended in appellant's behalf that the trial court erred in giving to the jury its instructions numbered five and seven, reading as follows:

"(5) Should you find and believe from the evidence that plaintiff's wife obtained a divorce from him and that she made plaintiff's misconduct ground for obtaining said divorce, yet if you believe that notwithstanding such misconduct on the part of the plaintiff his wife would not have separated or remained apart from him or sued him for a divorce, if it had not been for the acts, conduct and influence of defendant towards her; and that defendant purposely and intentionally, by such acts, conduct and influence, induced her to so separate or remain apart from plaintiff, or sue him for a divorce, then, the fact that plaintiff's wife obtained such divorce on account of plaintiff's misconduct, does not, of itself, constitute a complete defense to this action. *But if you should find and believe from the evidence that plaintiff's wife acted on her own volition in the institution of said divorce action and was not influenced by any acts or conduct of the defendant Hackett with reference thereto and that at the time there was no affection on the part of Mrs. Eklund for Peter Eklund, then you should find for the defendant.*"

"(7) You are instructed that before the plaintiff would be entitled to recover in this case you must find from a fair preponderance of the evidence; first, that the wife of plaintiff had some affection for him, and second, that such affection was alienated from him through some conscious act or acts of the defendant Hackett. It is not enough to charge the defendant with liability if the wife of plaintiff alienated her own affections or if the plaintiff by his own act or acts alienated the same. *Such alienation to charge this defendant with the same must have been brought about by him through acts or undue influence which he then and there did with intent to alienate the affections of plaintiff's wife.*"

We have italicized the portions of these instructions particularly to be noticed.

It seems to us that there was error to the prejudice of appellant Eklund in the giving of the italicized

language of the fifth instruction. It in effect told the jury that the question of Hackett's liability depended upon whether or not he induced Mrs. Eklund to institute an action for and obtain a divorce, and whether or not, at the time of so doing, there was any affection on the part of Mrs. Eklund for her husband. The instruction ignores and loses sight of the fact that the acts of Hackett may have, long before that time, effectually alienated her affection for her husband to the extent that Eklund had a good cause of action for damages against Hackett by reason thereof. The right to recover damages for the alienation of a wife's affections does not have to rest upon an alienation which culminates in a divorce. Mrs. Eklund may have sued for a divorce of her own volition, and she may then have had no affection for her husband, and yet Hackett be ever so guilty of wrong resulting in the alienation of her affection from her husband long prior to any thought of divorce from her husband by either Hackett or herself. We are of the opinion that this instruction constituted prejudicial error as against Eklund.

The seventh instruction it seems to us is even more clearly erroneous and prejudicial than the fifth. It told the jury that, in order to render Hackett liable, the alienation of the affection of Mrs. Eklund for her husband must have been brought about by the acts of Hackett done *"with intent to alienate the affections of plaintiff's wife."* Now we are not considering the advice of a parent to a child touching the latter's marital affairs; but we are considering the acts of a man, an absolute stranger, who became acquainted with another man's wife, and, according to the theory of counsel for Eklund, supported by at least sufficient evidence to carry the case to the jury, immediately

entered upon an intimate relationship with her, attended by acts wholly improper and of a seductive nature. The jury could have believed from the evidence that Hackett had no actual intention of alienating the affection of Mrs. Eklund from her husband until after his acts had actually accomplished that end. If the jury did so believe, and that such acts were inherently wrong and seductive, naturally tending to alienate her affection from her husband and actually did so result, this would be sufficient to render Hackett liable in damages to Eklund regardless of his actual intention as to the result of such acts.

The vice of this instruction, and it is magnified somewhat by instruction number five and to some extent by other remarks of the court in the course of its instructions, lies in that it must have led the jury to believe that they must find from the evidence, in order to render Hackett liable, an actual intent on his part to alienate the affections of Mrs. Eklund from her husband, even though the jury might believe that Hackett's acts were inherently wrong and seductive in their nature and did result in the alienation of Mrs. Eklund's affection from her husband. We think this is not the law as applied to the facts disclosed by this record. 13 R. C. L. 1466, 1467.

Contention is made in behalf of appellant Eklund that the trial court erred in refusing to admit in evidence the offered testimony of a witness who was upon the stand, tending to show improper relations between Hackett and Mrs. Eklund immediately following the granting of the divorce to Mrs. Eklund from her husband, which offer was as follows:

"The plaintiff offers to show by this witness, . . . that while he was living at the Hackett place for two or three weeks after the divorce had been granted Mr. Hackett was around the house. He saw

him there during the day time but he never saw him upstairs where this witness roomed; that, at the time he was there, Mrs. Eklund lived in the bedroom downstairs; that downstairs there was only one bedroom, the only rooms being the dining room, parlor, kitchen and the bedroom, which Mrs. Eklund occupied, and that there were no beds in any of the other rooms or any bed lounges; that Mrs. Eklund told the witness shortly before they moved to the Hackett house or shortly after they had moved that Mr. Hackett was to sleep upstairs where witness was sleeping but that he, to witness' knowledge, never did sleep upstairs."

The trial court seems to have so ruled upon the theory that no evidence showing the relations between Hackett and Mrs. Eklund following the divorce was admissible under any circumstances. We may concede that the relations between Hackett and Mrs. Eklund after the divorce, that is, after Eklund's rights as her husband had ceased, would give no right to a cause of action in favor of Eklund; but the acts of Hackett and Mrs. Eklund towards each other immediately following the divorce and before their marriage might have such relation to their former similar conduct towards each other, bearing upon the question of the alienation of her affections, as to reflect light upon their previous relations and conduct. We think the admission or rejection of such evidence would present a question of discretion in the trial court, to be exercised in the light of what had been testified to as to their previous relations, the similarity of their relations sought to be so shown immediately following the divorce, and the probability of such subsequent relations being a continuation of those which existed between them up to and near the time of the granting of the divorce. We think the admissibility of the offered testimony is not determinable by the mere fact that it relates to occur-

rences after the divorce.   As said in *Rose v. Mitchell,*
21 R. I. 270, 43 Atl. 67:

"Admission of testimony of defendant's visit to
the plaintiff's wife after she had left her husband.
As already stated, subsequent conduct, in cases of
this kind, not only tends to show motives and rela-
tions existing at the time, but also to reflect light upon
the previous relations of the parties.   In this latter
phase the testimony was admissible.   1. Greenl. Ev.
(15th ed), § 108, note a; 7 Am. & Eng. Ency. L. p. 50."

Upon the record before us, we would not be inclined
to hold that the trial court abused its discretion in
this case, if it ruled as a matter of discretion, either
in admitting or refusing to admit the offered testi-
mony.   We are prompted to say this much upon this
question in view of the probability of the question
arising upon a new trial.

The judgment is reversed and a new trial granted
to appellant Eklund.

CHADWICK, C. J., HOLCOMB, FULLERTON, and MOUNT,
JJ., concur.