## Eason v. Commonwealth.

(Decided February 16, 1932.)

LOUIS I. IGLEHEART for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Indicted in the Daviess circuit court for the murder of Sam Tett, Leroy Eason was found guilty of manslaughter, and, from a judgment of conviction carrying a sentence of imprisonment for 14 years, he has prosecuted this appeal.

For reversal of the lower court's judgment, appellant's counsel argues two alleged errors, viz.: (1) Overruling the motion of accused for a continuance because of the absence of a material witness in his behalf; (2) admission of incompetent evidence against accused.

When the case was called for trial, the commonwealth announced ready, appellant announced not ready, and entered his motion for a continuance, in support of which he filed his own affidavit. In form, the affidavit meets all technical requirements of the law. In substance, it states that appellant is not guilty of the crime charged against him, and that he was not ready for trial because of the absence of Coleman Speaks, a material witness in his behalf. By the affidivit it is made to appear that on the 3d day of October, 1931, appellant caused a subpoena to be issued by the clerk of the court for the witness Speaks and placed same in the hands of the sheriff of Daviess county. On the same date, return was made by the sheriff showing that the subpoena had been duly executed. The affidavit further states that the testimony of this witness is material to defendant's defense, and that the full and proper effect of this testimony cannot be had without his personal attendance.

It is alleged in the affidavit that, if the absent witness were present, he would testify to facts substantially as follows: Witness had been living in the same house with Sam Tett for more than a year prior to the tragedy, and a few days before the shooting heard him say he was going to kill appellant because of accusations that he had been familiar with appellant's wife. He conveyed this threat to appellant, and warned him to be on the lookout for Tett, as the latter would likely attempt to carry the threat into execution. Immediately before the encounter, he saw Tett going in the direction of appellant's home, and, in reply to inquiry as to where he was going, stated that he was going to see appellant and straighten out the trouble concerning the latter's wife. He saw Tett approach appellant's home and witnessed the difficulty that followed. Without going into detail as to the recital of the acts attending the encounter, the statement clearly indicates that Tett was the aggressor and that appellant was acting in self-defense.

The attorney for the Commonwealth agreed that the affidavit, subject to competency and relevancy, might be read in evidence as the deposition of the absent wit-

ness, and the court thereupon overruled the motion for continuance.

Margaret Stallings, a white woman, testified that she was doing some collecting near the scene of the difficulty; that Tett passed by, and she later heard the two men arguing. Tett was standing with his hands in his pockets, and appellant drew a pistol and shot him. Tett staggered back a step or two and fell, but never pulled his hands out of his pockets. Appellant grabbed him by the collar, picked him up and said, "Get up and fight like a man." He then hit him four or five times and shoved him off, telling him to get the police. Tett started up the street, and appellant, going into his house, procured a shotgun, gave chase, and fired three times at him.

Another witness for the commonwealth testified that she saw appellant shoot Tett, but gave no details as to how the shooting occurred. One or two other witnesses testified to having seen appellant with a shotgun with which he fired two or three shots after the first encounter.

Appellant testifying in his own behalf stated that his wife had made complaint to him that deceased had been annoying her by his undue attention. He went to deceased and asked him about it, but he denied the charge, whereupon appellant warned him not to annoy his wife. He stated that threats made against him by deceased had been communicated to him; that immediately before the difficulty he and some friends had planned to go on a hunting trip, and were in his home cleaning their guns; that he had a little automatic pistol which he cleaned at the time and which had two cartridges in the magazine. When his friends walked out, he followed them to the door. Tett, who was in the street and who seemed to be about half drunk, called to him to come out and said, "We might as well have this little difference right now." He testified at length as to details of the difficulty, his evidence conducing to show that Tett was the aggressor and was advancing on him with a brick or rock when he fired the fatal shot. He admitted, however, that, when Tett left the scene, he went into the house, and then "things went black to me and I grabbed my pump gun and went out into the back and Sam was at least half a block away from me when I made those three shots."

From the foregoing, it will be seen that the evidence of the absent witness as set forth in the affidavit support-

ing the motion for continuance was very important to appellant. While it does not corroborate him in every particular, it does tend to show that deceased was the aggressor, as is claimed by appellant.

The granting or refusal to grant a continuance is a matter which addresses itself to the sound discretion of the trial court, and its ruling should not be disturbed on appeal, unless it is apparent from a consideration of the entire record that it has abused that discretion. Mullins v. Commonwealth, 227 Ky. 514, 13 S. W. (2d) 535; Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) 592, and cases cited therein. However, it is not necessary to determine whether the court erred in this particular, as the judgment must be reversed for other reasons, and this alleged error likely will not occur on another trial.

Argument of counsel for appellant that the court erred in admitting incompetent evidence is based on the action of the court in permitting Mamie Henderson to testify, over objection, to statements made by the absent witness, Coleman Speaks. She testified that Speaks boarded at her home, and when he came in about 4:30 in the afternoon, and some hours after the difficulty, she asked him if he had been at work, and he replied in the affirmative. She then asked if he had heard about Sam getting killed, to which he replied,

"I just heard it a few minutes ago down at the grocery where I got my check cashed."

In the brief filed on behalf of the commonwealth, it is admitted that, if proper diligence has been shown and the affidavit otherwise meets the requirements of the law, then, under the established rule in this jurisdiction, it was error to admit evidence in contradiction of the absent witness, and such error was prejudicial to the substantial rights of accused. With commendable candor, the Attorney General and his assistant admit that this evidence was very material to the defense of the accused and that its effect was largely broken by the evidence of Mamie Henderson.

Under section 189 of the Criminal Code of Practice, the attorney for the commonwealth is no longer required to admit the truth of the matter which it is alleged in the affidavit the absent witness, if present, would state, but only that such absent witness would tes-

tify as alleged in the affidavit. If this be admitted by the commonwealth attorney, then the accused may read the affidavit as the deposition of the absent witness subject to exception for irrelevancy and incompetency. The section further provides that the attorney for the commonwealth shall be permitted to controvert the statements of the affidavit by other evidence.

Section 598 of the Civil Code of Practice, which applies in the trial of criminal actions, provides as follows:

> "Before other evidence can be offered of the witness having made at another time a different statement, he must be inquired of concerning it, with the circumstances of time, place and persons present, as correctly as the examining party can present them; and, if it be in writing, it must be shown to the witness, with opportunity to explain it."

We find the prevailing rule to be that, when the commonwealth, in order to avoid continuance, agrees that statements in an affidavit may be read as the deposition of an absent witness, it is error to permit evidence in rebuttal to show that the absent witness has made other and different statements, unless grounds for contradiction have been laid in conformity with the provisions of section 598 of the Civil Code of Practice. Yates v. Commonwealth, 204 Ky. 552, 265 S. W. 275; Blanton v. Commonwealth, 210 Ky. 542, 276 S. W. 507, 510, and cases cited therein.

In the latter case it was said:

> "As to whether or not the error is prejudicial depends upon the facts of each case and the materiality and importance of the evidence in question."

In this case, as in the Blanton case, the materiality and importance of this evidence cannot be questioned. It supports and bears out appellant's theory that he was defending himself against a determined assault of Tett, and that he shot in necessary self-defense.

Under the peculiar circumstances of this case as shown by the record and in the light of the authorities cited, we are constrained to hold that the admission of the evidence complained of was prejudicial error.

For the reason indicated, the judgment is reversed and cause remanded for a new trial and proceedings consistent with this opinion.