[No. 24156.   En Banc.   June 14, 1933.]

VIOLA GRILNBERGER, *Appellant*, v. LILLIAN BROTHERTON, *Respondent.*[1]

Herbert C. Bryson, Wesley Lloyd, and H. B. Noland, for appellant.

MAIN, J.—The plaintiff, claiming that the defendant had alienated the affections of her husband, brought this action to recover damages therefor. The cause was tried before the court and a jury, and resulted in a verdict for the defendant. The plaintiff moved for a new trial, and, this motion being overruled, judgment was entered upon the verdict, from which she appeals.

Frank Brotherton and Lillian Brotherton, his wife, resided in the city of Walla Walla, where Mr. Brotherton operated a garage. M. J. Connelly was the then husband of Viola Connelly, now Viola Grilnberger. Mr. Connelly was employed in the garage operated by Mr. Brotherton. Sometime after this employment began, Mrs. Brotherton and Mr. Connelly began to associate together, and, as a result of such association, the appellant claims that Mr. Connelly's affections

[1]Reported in 22 P. (2d) 983.

were alienated from her. Subsequent to the occurrences upon which this action is based, the Connellys were divorced.

The first question presented upon this appeal is whether the court erred in submitting the case to the jury. The appellant requested an instruction to the effect that, if the respondent's conduct and relations to Connelly were wrongful and such as naturally tended to alienate his affections from the appellant, and that such acts and conduct did have that effect, the respondent would be liable in damages. This request was refused, and, in one of the instructions given, the jury were informed that "the motive prompting defendant is the controlling element in the present action."

It must be remembered that this is not an action by the wife against a parent or parents of her husband, but is one against a stranger who, it is claimed, invaded the domestic circle and caused the separation of the husband and wife. There is a wide distinction between an action brought by a husband or wife against a parent of either and an action against a stranger for alienation of affections. *Stanley v. Stanley,* 27 Wash. 570, 68 Pac. 187. We are here concerned only with what the rule is when the action is against a stranger, as it is in this case. In such a case, acts inherently wrong and seductive, naturally tending to alienate the affections and which actually do have that result, are sufficient to fix liability in damages. *Eklund v. Hackett,* 106 Wash. 287, 179 Pac. 803. The instruction given, which contained the statement above set out, was not in conformity with the rule stated in the case cited, and was prejudicially erroneous.

One other question is presented, but owing to the fact that one member of the court, on account of illness, will not be able to be present during this term of

court, that question cannot be decided. The eight members of the court hearing the case are equally divided on the question.

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial.

BEALS, C. J., MITCHELL, BLAKE, TOLMAN, HOLCOMB, MILLARD, and STEINERT, JJ., concur.