## Calmes v. Commonwealth.

February 21, 1947.

E. B. Beatty, Judge.

H. M. Shumate, Leebern Allen and E. B. Rose and D. C. Howell for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is from a conviction of rape and ten years' imprisonment.

While the evidence of the prosecuting witness seems exaggerated and inconsistent in some particulars, it is positive on the main issue and has substantial corroboration. The defendant's evidence is to the effect that she

was perfectly willing to be raped, but the act was not consummated. The issue of guilt was one for the jury.

By agreement, apparently to avoid a continuance, an affidavit was read as the evidence of Lewellyn Sizemore, an absent witness, that he had been acquainted with the prosecutrix for at least a year, and on an occasion previous to the night she testified to having been raped she had met the witness under somewhat similar circumstances and they had gone to an isolated place and she had voluntarily indulged in sexual intercourse. In rebuttal, the sheriff testified that Sizemore had been working for him and sometime after this crime is said to have been committed, Sizemore asked him who she was and he had pointed her out to him. This was essentially a contradiction of the testimony of the absent witness, introduced for the purpose of impeaching it. Section 189 of the Criminal Code of Practice, authorizes the impeachment of an absent witness "to the same extent as if he were personally present." Section 597, Civil Code of Practice, provides that a witness may be impeached by showing that he had made statements different from his present testimony. Section 598 requires that before the introduction of such evidence, the witness "must be inquired of concerning it, with the circumstances of time, place and persons present, as correctly as the examining party can present them." These sections are applicable in the trial of a criminal case. While the provision refers to statements, it is not to be too literally construed and is to be regarded as embracing any indirect contradictory statement, such as in this case. Since there was not any inquiry of the absent witness to lay the foundation for the impeaching testimony, its admission was an error which we deem in this particular case to be prejudicial to the substantial rights of the defendant. Blanton v. Commonwealth, 210 Ky. 542, 276 S. W. 507; Eason v. Commonwealth, 242 Ky. 442, 46 S. W. 2d 772; Rose v. Commonwealth, 286 Ky. 53, 149 S. W. 2d 772.

Wherefore the judgment is reversed.