## BODEN v. ROGERS.

Court of Appeals of Kentucky.
June 13, 1952.

Terry L. Hatchett, Glasgow, for appellant.

Marion Vance, Glasgow, Rodes K. Myers, Bowling Green, for appellee.

STANLEY, Commissioner.

■ This is an appeal from a $10,000 judgment against Sam Boden recovered by James T. Rogers for the alienation of his wife's affections. It is not necessary to recite the evidence. We think the plaintiff proved clearly and convincingly that the defendant, a man of family, invaded the sanctity of the plaintiff's home, made love to his wife, bestowed gifts on her and in other ways alienated her affections for her husband and broke up his home. The factual defenses were denials and contradictions of evidence respecting frequent association and lascivious conduct. The defendant also undertook to show the absence of the wife's affection for her husband and his mistreatment which resulted in her voluntary separation. In our judgment, the case was properly submitted to the jury and there is no merit in the appellant's argument that the verdict is flagrantly against the evidence.

■■ Mrs. Rogers left her husband and took her two children to Louisville early in July, 1950. Two weeks thereafter the present suit was filed. A few days later Mrs. Rogers filed suit for divorce upon the ground of cruel and inhuman treatment by her husband. She alleged that she was without any fault. He filed an answer and counterclaim. But afterward the parties agreed that he would transfer to her certain property and upon the custody and maintenance of the children. She expressly waived any claim to alimony. By agreement, his pleading and her reply thereto were stricken from the record, and by order of court destroyed. After hearing the evidence orally, the court granted the wife the divorce and approved the agreement. The defendant in the present suit pleaded the judgment of divorce in bar and estoppel of the plaintiff's right to maintain the suit for alienation of his wife's affections. It is based upon the argument that the husband judicially admitted that his wife was free from fault. The evidence concerning the divorce suit was competent insofar as it showed what the plaintiff had done in the court. It was so held in Bergman v. Solomon, 143 Ky. 581, 136 S.W. 1010, where the plaintiff in an action for alienation of affections had also withdrawn his answer and admitted the charges made by his wife against him were true. It was all subject to being explained. But the record and the judgment of divorce are not a bar to this action. Hostetter v. Green, 159 Ky. 611, 167 S.W. 918, 919, L.R.A.1915C, 870; McWilliams v. Kinney, 178 Ark. 513, 11 S.W. 2d 1. The failure to deny the wife's allegation was not a judicial admission in the case on trial. It is not an admission of such character as dispenses with the necessity of other proof or such as bars the

party himself from disputing it in another case between himself and a third person. Sutherland v. Davis, 286 Ky. 743, 151 S.W. 2d 1021.

A number of statements, particularly of the plaintiff, based upon information and hearsay, crept into the record. Some of them were elicited by the attorneys, and some were volunteered by the witness of his own accord. We need not go into the specific instances pointed out by the appellant. Often the facts so stated were proved by other evidence which was competent so as to relieve the incompetent statements of their prejudicial character. Upon another trial the court will be on guard to exclude such incompetent testimony.

 Statements of the wife not made in the presence of the defendant were not admissible as substantive evidence of his guilt. Davis v. Butler, 198 Ky. 795, 250 S.W. 126. Such statements, made before separation, are admissible where they are of such character and were made under such circumstances that they tend to show her state of mind or the effect which the defendant's conduct had on her love and affection for her husband. Burke v. Johnson, 274 Ky. 405, 118 S.W.2d 731; 42 C.J.S., Husband and Wife, § 688(2).

 In order to avoid a continuance, the plaintiff expressly agreed the defendant's affidavit as to what two absent witnesses, one of whom was the plaintiff's former wife, would testify if present, should be read "as the depositions of the absent witnesses." This is in accordance with Sec. 315, Civil Code of Practice. (A) When one of the defendant's attorneys had read the depositions, plaintiff's attorney examined him for the purpose of showing that they were statements of the defendant and that the absent witnesses had been recently available. It was very pointedly intimated that if the witnesses were present, they would not so testify. The attorney had been associated in the case for only three days and could not answer the questions. The court overruled objections to the interrogation and admonished the jury that the statements should be given the same weight and consideration as if the witnesses had testified in person. (B)

The plaintiff recalled the defendant for further cross-examination, and over objection, pursued the same line of inquiry but with more direct and destructive effect. (C) Mrs. Ethel Thomas, who had been with Mrs. Rogers after she had left her husband, was called in rebuttal. Referring to statements attributed in the affidavit to Mrs. Rogers, the witness was asked numerous questions aimed at proving Mrs. Rogers had made statements which were contradictory of those in the affidavit. Objection was sustained to some of the questions and overruled as to others. (D) In the argument to the jury, plaintiff's attorney attacked the deposition as being only what the defendant said the alienated wife would have testified and emphasized that it was not her own testimony. He vigorously condemned the defendant for not having the witness present in person and for having made the affidavit.

A party is put at a disadvantage in having thus to present testimony of a witness who is unavailable, for it is a very weak character of evidence in any event. It is a method of presenting evidence authorized by the law and is entitled to be regarded as the deposition of the absent witness without challenge. Sec. 315, Civil Code of Practice. "The advantage thus obtained by the adverse party ought not be abused or employed as a means of further weakening the effect, or perhaps utterly destroying the evidence." Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498, 501. We do not appear to have had a case where the integrity of the affidavit was attacked or attempted to be attacked by evidence other than where the absent witness appeared before the trial was over and was introduced to give testimony at variance with what was contained in the affidavit. Harper v. Commonwealth, 255 Ky. 566, 74 S.W.2d 951. The defendant had the right under the law to introduce his affidavit as the deposition of the absent witnesses without its truth being questioned before the jury. To consent that the statements should be regarded as testimony and afterwards to destroy its effect in this manner is unjust and unfair and constitutes reversible error. Hubbard v. State, 64 Miss. 315, 1 So. 480. We have

710

consistently held it to be prejudicial error for a lawyer to make such an attack in argument or otherwise leave an impression upon the jury that it is not in fact the deposition of the absent witness. Gunterman v. Cleaver, 204 Ky. 62, 263 S.W. 683; Whittaker v. Thornberry, 306 Ky. 830, 209 S.W. 2d 498.

■■ The facts set forth in the affidavit are not indisputable. The testimony may be contradicted or discredited in the same way that it could be if the witness had testified in person. Olds v. Commonwealth, 3 A.K.Marsh. 465, 10 Ky. 465; Risner v. Commonwealth, 133 Ky. 11, 117 S.W. 318. The testimony of Mrs. Thomas to the effect that Mrs. Rogers had made statements at variance with those contained in the deposition was clearly incompetent for no foundation had been laid for impeachment of the witness by proof of contradictory statements, which is the rule prescribed by Sec. 598, Civil Code of Practice. Clay v. Goldstein, 102 S.W. 319, 31 Ky.Law Rep. 390; Eason v. Commonwealth, 242 Ky. 442, 46 S.W.2d 772; Calmes v. Commonwealth, 304 Ky. 71, 199 S.W.2d 993; John Hancock Mutual Ins. Co. v. Long, 285 Ky. 757, 149 S.W.2d 510.

■ The instructions follow the form prepared by this court in Scott v. O'Brien, 129 Ky. 1, 110 S.W. 260, 33 Ky. Law Rep. 450, 16 L.R.A.,N.S., 742, 130 Am. St.Rep. 419, (which is published as Sec. 414, Stanley's Instructions to Juries) with the exception that in submitting the plaintiff's cause, the word "intentionally" was inadvertently omitted. This permitted the jury to find for the plaintiff without regard for the defendant's intentions. This is a manifest error, for an action for alienation of affections is for an intentional tort. It is not complete without a wrongful intent to cause alienation or separation, though such intent may be inferred from blandishments and seductive acts because, in the eyes of the law, a man intends the natural and probable consequences of such acts or course of conduct. Todd v. Fox, 260 Ky. 355, 85 S.W.2d 683; 27 Am.Jur., Husband & Wife, Sec. 527; Harlow v. Harlow, 152

Va. 910, 143 S.E. 720; certiorari denied, Harlow v. Cowles, 279 U.S. 869, 49 S.Ct. 483, 73 L.Ed. 1006; Lankford v. Tombari, 35 Wash.2d 412, 213 P.2d 627, 19 A.L.R.2d 462. It is not necessary to decide whether the omission was prejudicial error under the circumstances of the case and in view of the fact that the instructions submitting the defense contained the negative, that is, that the defendant acted "without any intentional misconduct." Correction will, of course, be made upon another trial.

■ We believe plaintiff's counsel went beyond the bounds of legitimate argument in referring to the defendant as "a city slicker" who had "gotten rich selling Cadillacs and Oldsmobiles."

For the errors committed in relation to the depositions of the absent witnesses, the judgment is reversed.

LATIMER, J., not sitting.