STELLA LEARDI *v.* EMILIE GONSER

SUPERIOR COURT          MIDDLESEX COUNTY          FILE No. 13949

Memorandum filed February 8, 1961

*Norman Sivin,* of Old Saybrook, for the plaintiff.

*Jordan L. Bushnell,* of Westbrook, for the defendant.

MACDONALD, J. Upon the evidence adduced at the trial, there is no doubt whatsoever that plaintiff is entitled to recover for the alienation of her husband's affections by defendant. Under the circumstances involved here, the motives of defendant, even assuming that she had no intention of luring plaintiff's husband away from the home, are of little importance, for, as our Supreme Court has stated in *Maggay* v. *Nikitko,* 117 Conn. 206, 209: "In order to be a basis for a recovery by a plaintiff for the alienation of his wife's affections, the acts of the defendant relied upon, *unless they were themselves wrongful, as, for instance, where the alienation results from adultery with the plaintiff's wife,* must have been done intentionally, or from an unjustifiable motive, or have been persisted in with knowledge that they were doing or were likely to do a wrong to the plaintiff" (italics supplied). As pointed out by defendant, the court has held in *Valentine* v. *Pollak,* 95 Conn. 556, 560, that the fact of adultery alone does not give rise to a presump-

tion that there was also alienation of affections, but on the same page the court stated that "the circumstances may make of it strong proof of this."

The only real question here is as to the amount of damages plaintiff is entitled to recover. Her married life with her husband at the time the acts of defendant complained of occurred was not of the happiest, and apparently much of their mutual affection had disappeared to the extent that they were living apart. Such evidence goes to mitigation of damages rather than to barring recovery. As stated in *Amellin* v. *Leone,* 114 Conn. 478, 481, "[a] defendant will not be exonerated even though he may be less blameworthy than the plaintiff for loss of the wife's affection. . . . And even though it be shown that the wife has no affection for the husband, the defendant may still be liable if he prevents or interferes with the possibility of a reconciliation between them. . . . It is no defense that husband and wife had separated before the alienation. . . . Any of the facts to which we have alluded or the generally unsatisfactory prior relations between husband and wife, may be shown in mitigation of damages, and the burden of proof is on the defendant." See also *Keyes* v. *Churchward,* 135 Conn. 115; *Miller* v. *Pierpont,* 87 Conn. 406.

Taking into account evidence as to the factual and emotional situation existing between plaintiff and her husband prior to the full-scale entry of defendant into the picture, the issues are found for the plaintiff to recover from the defendant damages in the amount of $1500, plus her taxable costs.