**Ruth GIBSON, Appellant,**

v.

**Eugenia FROWEIN, Respondent.**

**No. 50660.**

Supreme Court of Missouri,

En Banc.

March 14, 1966.

Wm. Harrison Norton, Williams, Norton & Pollard, North Kansas City, Joseph R. Hogsett, Houts, James, Hogsett & McCanse, Kansas City, for appellant.

Charles F. Lamkin, Jr., Alfred Kuraner, Kansas City, Kuraner, Oberlander, Lamkin, Dingman & O'Laughlin, Kansas City, of counsel, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment entered pursuant to a unanimous jury verdict in her suit for $200,000 actual and $200,000 punitive damages for the alienation of the affections of her husband. Plaintiff's points on this appeal are limited to the challenge of four instructions given at the request of respondent. There is no contention by defendant that a submissible case was not made.

We must first rule defendant's motion to dismiss this appeal because of the alleged failure of plaintiff to comply with Civil Rule 83.05(a) (2), V.A.M.R., in that her brief does not contain "[a] fair and concise statement of the facts without argument." As stated in paragraph (c) of the rule, this requirement anticipates a fair and concise statement of the facts "relevant to the questions presented for determination." In this case the questions for determina-

tion are limited to the correctness of four instructions, and a statement of the facts relevant to those questions do not call for a lengthy and detailed analysis of the testimony of each and every witness as defendant has presented in more than fifty printed pages of her brief. On the other hand, plaintiff has not made a proper statement of the facts, but she has detailed the testimony of some, but not all, of the witnesses. Neither brief is within the spirit or intendment of the rule, but we can readily determine the issues presented. The motion to dismiss is overruled.

At time of trial plaintiff was and has been for 43 years married to her husband whose affections she alleged had been alienated by defendant, a family friend and a former business associate of her husband who, among other activities, raised saddle horses and displayed them at fairs. Plaintiff was 63 years of age and her husband a few years older. Defendant was 50 years of age. Plaintiff testified that she knew of the improper relations between defendant and her husband since 1945, but that prior to filing this suit she had never said anything to either about their conduct. She and her husband lived together until after this suit was filed, and until a short time before the trial. Both plaintiff and defendant testified, but plaintiff's husband did not. We see no occasion to detail the evidence of plaintiff or to set forth the alleged wrongful conduct of defendant. Neither do we need to set out the denials by defendant and other evidence from which a jury could find that the loss of affection for plaintiff by her husband did not result from the conduct of defendant. It is sufficient to say that plaintiff's evidence, if believed notwithstanding defendant's denials, authorized a finding by the jury of acts on her part inherently wrongful and seductive, and which could be found to have the natural and probable result of alienating the affections of plaintiff's husband.

Plaintiff's verdict directing instruction first abstractly advised the jury that a married woman is entitled to the affections, society, assistance, companionship and conjugal fellowship of her husband free from willful interference of others. The instruction then followed: "Therefore, if you find and believe from the evidence in the case that defendant was guilty of intentional and wrongful conduct the natural result of which was an interference with plaintiff's marital relationship with her husband and an alienation of his affections, society, assistance, companionship and conjugal fellowship, if so, and if you find that was the effect actually produced by defendant's conduct, then your verdict should be for plaintiff." There then followed instructions on the measure of damages, including punitive damages, and burden of proof, and an instruction defining "willfully" as "intentionally," and "maliciously" as "wrongful and intentional and without just cause or excuse."

At the request of the defendant, the court gave instructions 6, 7, 8 and 9, each of which is challenged on this appeal by plaintiff as prejudicially erroneous. Instruction 6 told the jury that "before you can find the issues for the plaintiff and against the defendant for alienation of the affections of the plaintiff's husband, you must find from the evidence that *the defendant herself intentionally induced the husband of the plaintiff to withdraw his affections from the plaintiff, if you find he did so*. It is not enough for plaintiff to show merely that the defendant was friendly with the husband of the plaintiff, nor is it sufficient that you should find merely that defendant's conduct in her associations with plaintiff's husband amounted to impropriety, or was even of a scandalous nature, if you so find, but before you can find for the plaintiff for alienation of affections, it must be shown by the evidence that defendant's conduct in her associations with the husband of plaintiff was improper and wrongful, further, that *the defendant intended by such conduct to cause plaintiff's husband to withdraw his affections from her*, and further, that such conduct on the part of the defendant, if you find there was such conduct, did cause the

husband of plaintiff to withdraw his affections from plaintiff, if you so find. If plaintiff has failed to prove any one of these facts by the greater weight of the evidence, it will be your duty to find the issues for the defendant." (Italics added).

Plaintiff asserts that Instruction 6 is erroneous because it requires as a condition precedent to a verdict for her that the jury find as a fact that the defendant actually intended to cause plaintiff's husband to withdraw his affections from her. Defendant asserts that the instruction has been approved in Sandler v. Schmidt, Mo., 263 S.W.2d 35, and that it is "a proper converse of the plaintiff's principal instruction, and properly declared the law of Missouri to the jury."

■ We note first that plaintiff submitted the intention of defendant in this manner: "that defendant was guilty of intentional and wrongful conduct the natural result of which was an interference with plaintiff's marital relationship with her husband and an alienation of his affections, * * *." Plaintiff submitted intentional *acts* on the part of defendant, but defendant in Instruction 6 submitted that the *result* must actually have been intended. Instruction 6 was not a converse of plaintiff's submission.

■ Alienation of affections is an intentional tort, and the elements of the cause of action are defendant's wrongful conduct, plaintiff's loss of the affections or consortium of his spouse, and the causal connection between such conduct of defendant and the loss by plaintiff. Comte v. Blessing, Mo., 381 S.W.2d 780; Rank v. Kuhn, 236 Iowa 854, 20 N.W.2d 72, 74; Paulson v. Scott, 260 Wis. 141, 50 N.W.2d 376, 31 A.L.R.2d 706; 27 Am.Jur. Husband and Wife § 523. While the acts constituting the wrongful conduct on the part of the defendant must have been intentional, proof that the defendant had an actual intent to alienate the affections of plaintiff's spouse is not necessary if the acts and conduct of the defendant are inherently wrong and seductive and tend to and do have that effect. Rank v.

Kuhn, supra; Kiger v. Meehan, 253 Iowa 746, 113 N.W.2d 743; Paulson v. Scott, supra; Leardi v. Gonser, 23 Conn.Sup. 65, 176 A.2d 594; Tice v. Mandel, N.D., 76 N.W.2d 124; Martin v. Ball, 30 Ga.App. 729, 119 S.E. 222; Wendt v. Wendt, 106 Neb. 554, 184 N.W. 66; Moore v. Grimes, 169 Okl. 4, 35 P.2d 944; Eklund v. Hackett, 106 Wash. 287, 179 P. 803; Boden v. Rogers, Ky., 249 S.W.2d 707; Harlow v. Harlow, 152 Va. 910, 143 S.E. 720; Lankford v. Tombari, 35 Wash.2d 412, 213 P.2d 627, 19 A.L.R.2d 462; 27 Am.Jur. Husband and Wife § 527; 42 C.J.S. Husband and Wife § 662. Intent is rarely susceptible of direct proof but usually must be inferred from acts and conduct, and as in other situations, in an action for alienation of affections, a person is presumed to intend the natural and probable consequences of his voluntary acts. Pearsall v. Colgan, 76 S.D. 241, 76 N.W.2d 620. A better, and perhaps more accurate, statement would be that an action for alienation of affections is based on inherently wrongful acts of the defendant intentionally done which have the natural and probable consequence of alienating the affections of the spouse of the plaintiff, and which in the particular case had that result.

■ We consider the above to be the sound and generally accepted rule pertaining to the issue of intent in an action for alienation of affections. Therefore, we consider to be erroneous the statements in Instruction 6 that in order to find for plaintiff the jury must find (1) that the "defendant herself intentionally induced the husband of the plaintiff to withdraw his affections from the plaintiff, if you find he did so," and (2) that "the defendant intended by such conduct to cause plaintiff's husband to withdraw his affections from her." We agree with the statement in Eklund v. Hackett, 106 Wash. 287, 179 P. 803, when adapted to the factual situation of this case, that "The jury could have believed from the evidence that [defendant] had no actual intention of alienating the affection of [Mr. Gibson] from [his wife] until after [her]

acts had accomplished that end. If the jury did so believe, and that such [acts] were inherently wrong and seductive, naturally tending to alienate [his] affection from [his wife] and actually did so result, this would be sufficient to render [defendant] liable in damages, regardless of [his] actual intention as to the result of such acts."

We shall now examine the previous Missouri cases relied on by plaintiff to justify the giving of Instruction 6.

In Claxton v. Pool, 182 Mo.App. 13, 167 S.W. 623, and Farrow v. Roderique, Mo. App., 224 S.W.2d 630, the judgment in each case was for the plaintiff and the defendant was the appellant. Therefore, even though an instruction substantially the same as Instruction 6 was given in each case and is set out in the opinions, there was and could have been no issue, essential to the decision of either case, concerning the correctness of the instruction.

In Sandler v. Schmidt, Mo., 263 S.W.2d 35, the judgment was for defendant and plaintiff had appealed, and an instruction substantially identical with Instruction 6 was challenged for the precise reason here presented. It was held that "under this instruction, [defendant's] intent could be proven by her actions and conduct," and that "an almost identical" instruction was approved in Claxton v. Pool. We disagree with the reasoning and result of Sandler v. Schmidt. The instruction, as to the issue before us, was not approved in Claxton v. Pool, and the fact that intent may be inferred from, that is, proved by, certain conduct does not justify the requirement that at the time of the occurrence of the wrongful conduct there must be an actual intent to accomplish the result of an alienation of affections of plaintiff's spouse. In so far as Claxton v. Pool and Farrow v. Roderique may be considered to approve the substance of Instruction 6 which was given in this case, they are disapproved, and that portion of Sandler v. Schmidt which approves the substance of Instruction 6 is overruled.

Defendant does not cite or rely on, but we should mention, Comte v. Blessing, Mo., 381 S.W.2d 780. In that case we held that because plaintiff had submitted his case in the manner he did, defendant was entitled to meet that submission in the same manner, and that it was error to refuse an instruction similar to Instruction 6 in this case. We emphasize that plaintiff's submission in the Comte case included the requirement that defendant was "intentionally guilty of such conduct as was calculated * * * to alienate her from him" and that "such effect was intended by defendant to be produced." Defendant sought, and we held he was entitled, to meet the issue as presented by plaintiff. However, Comte v. Blessing is not to be considered as approving the requirement of an actual intent on the part of defendant to alienate the affections of plaintiff's spouse when the conduct of defendant is inherently wrongful and seductive, and when plaintiff's submission is comparable to that in the pending case.

█ In view of the fact that in the event of a new trial of this case, the issues will be submitted to the jury pursuant to the new procedural rules pertaining to instructions, it would be of academic interest only to discuss the challenges made as to Instructions 7, 8 and 9. However, in the event it be contended that this judgment is reversed because of an instruction which had previous approval of this court, we add, without an extensive discussion of the reasons therefor, that we also consider Instruction 8 to be prejudicially erroneous. It was as follows: "The court instructs the jury that if the husband of the plaintiff, prior to the acts complained of in the petition, had affection for the plaintiff, *and the same was alienated*, if so, *from any cause whatever, other than the attentions, conduct, and influence of the defendant* done with the wrongful and willful purpose and intent of alienating his affections from her husband, then your verdict must be for the defendant." (Italics added). The phrase "from any cause whatever" is an abstract submission comparable to the submission of contributory negligence

in failing to exercise the "highest degree of care *in any way*," as defined "in other instructions," Pulse v. Jones, Mo., 218 S.W. 2d 553, and that a person "was also negligent *in any manner*, as submitted and defined in other instructions herein," Hustad v. Cooney, Mo., 308 S.W.2d 647. In addition to the abstractness of the instruction, Instruction 8 does not refer to the other instructions, see Payne v. Stambaugh, Mo., 349 S.W.2d 220, 222, and, therefore, it cannot even be argued that the issues were in fact limited to those defensive matters set forth in other instructions. See also Jones v. Rash, Mo., 306 S.W.2d 488.

For the reasons herein set forth, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court en Banc.

EAGER, Judge (concurring).

I concur upon the basis and with the understanding that Commissioner Stockard's opinion, in dealing with Instruction No. 6, means the following: that if the defendant, in such a case as this, is guilty of intentional and wrongful conduct, the natural and probable result of which is the alienation of the affections of plaintiff's spouse and an interference with plaintiff's marital relationship, that such a result actually follows, and that the jury so finds, then plaintiff may recover damages; and further, that there should be no requirement of a finding of intent on the part of the defendant to cause an alienation of the spouse's affections in an instruction submitting these facts.

With this explanation, I feel that the opinion of Commissioner Stockard should be adopted as the opinion of the Court.

FINCH, Judge (concurring).

I concur in the opinion of Commissioner Stockard and the concurring opinion of Judge Eager except that I do not agree that Instruction 8 was prejudicially erroneous. I would reverse and remand the case for error in Instruction 6.