**John Kirk MILLER, Respondent,**

v.

**Timothy NEILL, Appellant.**

No. 61731.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Kevin B. Behrndt, Jerry J. Murphy, Reid, Murphy, & Tobben, St. Louis, for respondent.

AHRENS, Judge.

Defendant appeals from a judgment in favor of plaintiff entered pursuant to a jury verdict on claims for alienation of affections and criminal conversation. The jury awarded actual damages of $71,000.00 and punitive damages of $100,000.00 on the alienation of affections count and $10,000.00 actual damages and $40,000.00 punitive damages on the criminal conversation count. We affirm.

Plaintiff and his ex-wife, Mary Kathleen (Kathy), were married in 1969 and had four children. During the early 1980's, they became acquainted with defendant and his family. Beginning in or about July, 1983, defendant and Kathy began seeing one another. The relationship included regular meetings which sometimes included sexual intercourse. During the affair, Kathy became pregnant by defendant in January, 1984, and in August, 1984. The first pregnancy ended in an abortion, which was paid for by defendant. The second pregnancy ended in a miscarriage, although another abortion had been planned. The affair continued without plaintiff's knowledge until his discovery of love letters from defendant to Kathy in February, 1985. Despite this discovery, plaintiff continued to care for his wife and tried to preserve their marriage. Kathy filed an action for dissolution of marriage. Plaintiff and Kathy were divorced on October 28, 1987. Defendant and Kathy married in November, 1987.

■ Defendant's first point asserts that the trial court erred in its verdict directing instruction on the count for alienation of affections, because it misdirected the jury on the issue of intent. There is no M.A.I. verdict directing instruction on alienation of affections, so a not-in-M.A.I. instruction was used. The verdict directing instruction given by the trial court is as follows:

Your verdict must be for the Plaintiff, John Kirk Miller, if you believe:

First, Plaintiff John Kirk Miller was married to Mary Kathleen Miller, and

Blair Drazic, Creve Coeur, for appellant.

Second, Defendant Timothy Neill, committed acts which caused Plaintiff, John Kirk Miller, to lose the society, comfort, affection, and assistance of Mary Kathleen Miller, and

Third, Defendant Timothy Neill acted intentionally and

Fourth, Plaintiff, John Kirk Miller, was thereby damaged.

"A not-in-M.A.I. instruction authorizing a verdict must require a jury to find all the ultimate facts necessary to sustain the verdict except those which the parties have unmistakenly conceded." *Frederic v. O'Keefe*, 820 S.W.2d 107 (Mo.App.1991). "Alienation of affections is an intentional tort, and the elements are defendant's wrongful conduct, plaintiff's loss of the affections or consortium of his spouse, and the causal connection between such conduct of defendant and the loss by plaintiff." *Gibson v. Frowein*, 400 S.W.2d 418, 421 (Mo. banc 1966).

■ Defendant argues the above instruction is inadequate since it does not require a finding that the acts which caused the alienation are wrongful, thereby allowing the jury to hold defendant liable for any act committed intentionally which caused plaintiff to lose the society and comfort of his wife, without regard to wrongfulness. We disagree. The Missouri Supreme Court has stated "that an action of alienation of affections is based on *inherently wrongful acts* of the defendant intentionally done which have the natural and probable consequence of alienating the affections of the spouse of the plaintiff, and which in the particular case had that result." *Id.* at 421 (emphasis ours). This Court, with regard to alienation of affections actions, has referred to a defendant's conduct which is "inherently wrong and seductive." *Kraus v. Kraus*, 693 S.W.2d 869, 873 (Mo.App.1985). In *Kraus*, we approved a verdict directing instruction which did not specifically require a finding that defendant's conduct must have been wrongful. The verdict director in this alienation of affections action is not defective for failure to include

the word 'wrongful' to describe defendant's actions. The verdict director given in this case deviates from that approved in *Kraus*.[1] However, we may reverse a case for instructional error only when we find that the instructions contain an error of substance with substantial potential for prejudicial effect. *Id.* at 873. We find no prejudicial error resulting from this deviation.

■ Defendant further argues that the verdict director is in error because it allows the jury to award damages for the doing of acts which were not intended to cause an alienation of Kathy Miller's affections. A defendant need not have intended to cause an alienation of affections between a plaintiff and spouse, however. The defendant need only have intended to do the acts which resulted in the loss of consortium between spouses. "In an action for alienation of affections, a person is presumed to intend the natural and probable consequences of [his/her] voluntary acts." *Gibson*, 400 S.W.2d at 421. We find that verdict directing instruction number seven (7) on the count of alienation of affections is not subject to the challenge asserted by appellant. Appellant's point one is denied.

■ Defendant's second point claims that the trial court erred in its damage instruction for the alienation of affections claim because it gave the jury a roving commission to include non-compensable damages in their award. The instruction reads as follows:

If you find in favor of Plaintiff John Kirk Miller, then you must award Plaintiff John Kirk Miller such sum as you believe will fairly and justly compensate Plaintiff John Kirk Miller for any damages you believe he sustained as a direct result of the conduct of the Defendant Timothy Neill submitted in Instruction No. 7.

This is MAI 4.01 modified as suggested by Notes on Use 3 to MAI 4.01. The term "occurrence" was modified to read "conduct of the Defendant Timothy Neill submitted in Instruction No. 7." Defendant argues this

---

1. This form of verdict directing instruction should not be considered a model and may, under other facts and circumstances, constitute reversible error. In a different case under a more disputed factual situation, the requirement that a jury find a defendant committed unspecified "acts" could be found to constitute an erroneous roving commission.

modified instruction allowed the jury to award damages for non-compensable injuries suffered by plaintiff. He contends the use of the word 'conduct' permits the jury to consider evidence of sexual relations between himself and Kathy which was barred by the statute of limitations on the criminal conversation count. Defendant cites *Muchisky v. Kornegay*, 741 S.W.2d 43 (Mo.App.1987), for the proposition that damages for sexual conduct such as damages for the abortion, miscarriage, pregnancies and the related emotional distress fall under criminal conversation and not alienation of affections and therefore are not recoverable due to the statute of limitations. *Muchisky* makes no such statement. Rather, it holds "[i]n a criminal conversation action, the only issue is whether the defendant was guilty of adultery with the spouse of plaintiff. The tort is accomplished by the adultery itself, and damages are presumed...." *Id.* at 47. Defendant by his own admission committed adultery, so the evidence related to the pregnancies was not necessary to prove criminal conversation. This evidence is relevant to the alienation of affections count to show the bond which existed between defendant and Kathy and the affect that bond had on the relationship between them. The five year statute of limitations on the alienation of affections count did not bar this evidence, however, and since it is relevant to that count, the trial court properly allowed the jury to consider it in determining damages.

Defendant further argues that the damage instruction is erroneous due to its incorporation by reference of the verdict director. Since we have already ruled that defendant has not demonstrated reversible error, this argument has no merit. Similarly, defendant asserts that the punitive damage award should be set aside because it rests upon the actual damages verdict. Since we find no reversible error in the actual damages instruction, we must disagree with this assertion. Point two is denied.

■■■ In point three, defendant claims the trial court unduly limited defendant's direct examination of the witness Katie Miller, plaintiff's daughter. The trial court sustained several objections made by plaintiff's counsel of "vague" and "speculative" regarding questions asked of this witness concerning plaintiff's behavior prior to his and Kathy's divorce. Defendant has not preserved this point for review. "An objection which results in the exclusion of evidence cannot be considered unless the record reflects what the evidence would have been." *Heutel v. Heutel*, 803 S.W.2d 84, 89 (Mo.App.1990). Where no offer of proof is made, there is nothing before the court to rule upon with respect to the contention. *Elliott v. Richter*, 496 S.W.2d 860, 864 (Mo. banc 1973). Since defendant made no offer of proof concerning the testimony he sought to obtain, the point was not properly preserved for review. Moreover, nothing in the record indicates the trial court abused its discretion in sustaining plaintiff's objections to defendant's questioning. Each of the questions objected to as being "vague and speculative" were very general. The trial court did not thwart defendant's line of questioning about plaintiff's behavior towards his family, but merely sustained objections to questions which lacked specificity. The record does not show the trial court communicating any displeasure with defendant for having called this witness. Point three is denied.

■■■ In point four, defendant contends that the trial court erred in permitting plaintiff to draw an adverse inference during rebuttal concerning defendant's calling of Katie Miller as a witness. Plaintiff argued to the jury that defendant was a despicable person as typified by his calling of Katie Miller as a witness. Defendant claims that since he avoided mentioning Katie Miller in his closing argument, and plaintiff did not mention her until after defendant closed, such argument is beyond the scope of rebuttal. We disagree. In closing argument, counsel may properly refer to and comment on the other party's evidence. *Midwest Materials Co. v. Village Development Co.*, 806 S.W.2d 477, 492 (Mo.App.1991). In addition, "[a] trial court has an opportunity far superior to ours to fairly appraise the impact of an argument on a jury." *Id.* In closing arguments, "counsel is afforded wide latitude to suggest inferences from the evidence and the trial court similarly has broad discretion to deter-

mine if a particular line of argument is proper." *Carter v. Liberty Equipment Co., Inc.*, 611 S.W.2d 311, 315 (Mo.App.1981). We are allowed to intervene only if we conclude the trial court has abused that discretion. *Id.* After reviewing the closing arguments, we conclude that the trial court did not abuse its discretion in allowing plaintiff to comment on defendant's calling Katie Miller as a witness. Point four is denied.

■ Defendant's point five contends that the trial court erred in allowing the evidence of the abortion and miscarriage to be introduced. Defendant does not argue that the evidence is not relevant, rather he argues that the evidence is inflammatory and its probative value is outweighed by its likelihood of prejudicial effect on the jury. Defendant points out that abortion is a very controversial issue and concludes that it must therefore have had a prejudicial effect the jury. He fails to present evidence of any prejudicial effect the evidence of the abortion had on the jury, however, other than the result of the case.

■ The standard for our review of a claim of error in admitting evidence is an abuse of discretion resulting in substantial and obvious injustice. *State ex rel. Highway Comm. v. Jim Lynch Toyota, Inc.*, 830 S.W.2d 481, 485 (Mo.App.1992). The evidence of the pregnancies which ended in an abortion and a miscarriage tends to show the nature of the relationship between defendant and plaintiff's wife, which is relevant to the claim of alienation of affections. As to the prejudicial nature of this evidence, it is not enough to say that abortion is a controversial issue and therefore a jury should not hear such evidence. Nor is it enough to say a jury's verdict indicates prejudice. The trial court was in a better position to determine the effect this evidence would have on the jury, and we find that the court did not abuse its discretion in allowing the jury to hear this evidence. Point five is denied.

■ In point six, defendant claims the trial court erred in permitting plaintiff to testify about the effect the abortion and miscarriage had on him. Defendant argues that this testimony is inadmissible because it con-

cerned items which were not elements of compensable damages and was therefore irrelevant to any issue in the trial. He further argues that the testimony is inadmissible because the two-year statute of limitations had run as to the criminal conversation count. We believe the testimony to be relevant to show the effect defendant's actions had on the relationship between plaintiff and his wife, as incident to the alienation of affections count. The criminal conversation statute of limitations is therefore not applicable.

As stated previously, we will not disturb a trial court's rulings on the admissibility of evidence absent an abuse of discretion resulting in substantial and obvious injustice. *Lynch Toyota*, 830 S.W.2d at 485. The admission of plaintiff's testimony about his reaction to his wife's abortion and miscarriage is not an abuse of the trial court's discretion. Point six is denied.

■ Defendant's point seven states that the jury verdicts on the issue of punitive damages were against the weight of the evidence and were the product of the jury's bias and prejudice. Defendant concedes the evidence supports a substantial punitive damages verdict, but argues the verdict rendered is so large it defies logic and is the product of the jury's emotion, passion and prejudice. However, the size of the verdict alone is insufficient to establish a jury's prejudice. *Smith v. Whalen*, 613 S.W.2d 868, 871 (Mo.App.1981). In order to show jury prejudice, defendant must specify occurrences at the trial which caused the jury to disregard the evidence and the instructions. *Id.* Defendant fails to provide any such occurrences, but claims once again the evidence of the abortion is the source of the jury's prejudice. This court will not interfere with a jury verdict unless it is so egregiously excessive as to offend all sense of right. *Anderson v. Childers*, 686 S.W.2d 38, 40 (Mo.App.1985). Such is not the case here. Point denied.

■ Defendant next argues the trial court's failure to set aside or modify the judgment with respect to punitive damages violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Defendant relies on *Pa-*

*cific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) for the proposition that the United States Supreme Court is concerned about punitive damages which 'run wild'. Defendant further argues this is such a case, and therefore his constitutional rights have been violated. Defendant's reliance on *Haslip* is misplaced. In *Haslip,* the Supreme Court found an Alabama jury's discretion in its determination of punitive damages was limited and "[a]s long as the discretion is exercised within reasonable constraints, due process is satisfied." *Id.* at ——, 111 S.Ct. at 1044. The United States Supreme Court then affirmed a punitive damage verdict which was more than four times the amount of the compensatory damages. In a recent case, the U.S. Supreme Court refused to draw a "bright line" marking the boundary between constitutionally permissible and impermissible punitive damage awards. *TXO Production Corp. v. Alliance Resources Corp.,* —— U.S. ——, ——, 113 S.Ct. 2711, ——, 125 L.Ed.2d 366 (1993). The Court upheld a judgment awarding TXO $19,000.00 in actual damages and $10,000,000.00 in punitive damages, stating "[a]ssuming that fair procedures were followed, a judgment that is a product of that process is entitled to a strong presumption of validity." *Id.* at ——, 113 S.Ct. at 2720. In keeping with the principles of *Haslip* and *TXO,* we find that fair procedures were followed and the jury's discretion to award punitive damages in this case was reasonably constrained, thereby satisfying due process. As to the Eighth Amendment claim, the United States Supreme Court has ruled that the Eighth Amendment does not limit punitive damages in cases between private parties. *Browning–Ferris Industries v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). Point denied.

 In point nine, defendant contends the jury verdict for actual damages on the count of criminal conversation is against the weight of the evidence and is a product of the jury's bias and prejudice. The determination of whether a jury verdict is against the weight of the evidence is an issue for the trier of fact, not an appellate court. *Danna v. Casserly,* 763 S.W.2d 338, 344 (Mo.App. 1988). The trial court may, in considering a motion for a new trial, consider whether the verdict is against the weight of the evidence. *Steenrod v. Klipsch Hauling Co., Inc.,* 789 S.W.2d 158 (Mo.App.1990). This issue was addressed in defendant's motion for a new trial, which was denied by the trial court. As an appellate court, we do not weigh the evidence. *Id.* Point denied.

 Defendant's point ten claims that the trial court erred in failing to direct a verdict in his favor on the count of alienation of affections because the statute of limitations had run. Defendant argues the statute of limitations for alienation of affections actions is the same as for criminal conversation—two years. As authority he cites cases from Tennessee and Kentucky. It is unnecessary to consider these cases, however, since a Missouri court has already ruled on the question. In *Farrow v. Roderique,* 224 S.W.2d 630 (Mo.Ct.App.1949), it was held that Section 1014 of the Revised Statutes of Missouri 1939 is "the only statute of limitations applying to actions for alienation of affections." This statute of limitations is five years. § 516.120 RSMo 1986 contains the exact language of the previous statute: "Within five years for any other injury to the person or rights of another. . . ." Therefore, the statute of limitations for alienations of affections is five years. Point denied.

 Defendant's final point invites us to abolish the action for alienation of affections or, in the alternative, abolish the recovery of punitive damages recoverable thereunder. As a jurisprudential matter, we are bound to abide by the decisions and rulings of our supreme court. In *Gibson v. Frowein,* 400 S.W.2d 418 (Mo. banc 1966), our supreme court recognized a cause of action for the intentional tort of alienation of affections. We believe it is therefore not our responsibility to consider judicially abolishing this cause of action. Accordingly, we decline defendant's invitation to do so. Point denied.

The judgment is affirmed.

GRIMM and CARL R. GAERTNER, JJ., concur.