In re Cynthia Marie STAGE, Debtor.

Gail Osborne, Plaintiff–Appellee,

v.

Cynthia Marie Stage, Defendant–Appellant.

BAP No. 04–6055EM.

United States Bankruptcy Appellate Panel for the Eighth Circuit.

Submitted: Feb. 8, 2005.

Filed: March 10, 2005.

Robert L. Swearingen, St. Louis, Missouri, for appellant.

Robert E. Eggman, St. Louis, Missouri, for appellee.

Before KRESSEL, Chief Judge, DREHER and MAHONEY, Bankruptcy Judges.

KRESSEL, Chief Judge.

This case has its origins in alienation of affections litigation in Missouri state court in which a jury awarded Appellee Gail Osborne a $50,000.00 judgment against Appellant Cynthia Marie Stage. Stage appeals from the order of the bankruptcy court granting summary judgment to Osborne based on collateral estoppel. The principal issue in this appeal is whether the state court judgment for alienation of affections established that Stage willfully and maliciously injured Osborne for purposes of 11 U.S.C § 523(a)(6). We conclude that it did not, and reverse.

## BACKGROUND

Osborne filed suit against Stage in state court based on the tort of alienation of affections. On July 28, 1999, after a two day trial, the case was submitted to a jury with the following instruction:

Your verdict must be for Plaintiff, Gail Ann Osborne, if you believe: First, Plaintiff was married to Daniel Osborne, and Second, Defendant, Cynthia Stage caused Plaintiff to lose the society, comfort, affection and assistance of Daniel Osborne, and Third, Defendant did so

intentionally and Fourth Plaintiff was thereby damaged.[1]

The court declined to give the following punitive damages instruction submitted by the plaintiff:

If you find the issues in favor of the plaintiff, Gail Ann Osborne, and if you believe the conduct of Defendant, Cynthia Stage, as submitted in instruction number_____ was outrageous because of Defendant, Cynthia Stage's, evil motive or reckless indifference to the rights of others, then, in addition to any damages to which you find plaintiff, Gail Ann Osborne, entitled under instruction number _____, you may award Plaintiff, Gail Ann Osborne, an additional amount as punitive damages in such sum as you believe will serve to punish Defendant, Cynthia Stage, and to deter Defendant, Cynthia Stage, and others from like conduct.

The Jury found Cynthia Marie Stage liable for alienating the affections of Daniel Osborne from his wife, Gail Osborne, and awarded her $50,000.00 in damages. Judgment on the jury's verdict was entered by the court on July 28, 1999.

On March 25, 2004, Stage filed a Chapter 7 petition in the Eastern District of Missouri. On June 22, 2004 Osborne filed a complaint to determine the dischargeability of her debt, claiming that the judgment she received in state court is excepted from Stage's discharge under § 523(a)(6).

In her complaint, Osborne claimed that Stage is collaterally estopped from contesting the issue of willful and malicious injury because the issues have already been litigated and determined in the state court action. On August 10, 2004, Stage made a motion to dismiss the complaint based on two different theories. Firstly, she claimed the issue of whether Stage's actions were willful and malicious for the purposes of § 523(a)(6) had not been adjudicated in state court and therefore collateral estoppel did not apply. Secondly, she argued that the case should be dismissed for failure to state a claim upon which relief could be granted under Fed R. Civ. P. 12(b)(6)[2] because the cause of action for alienation of affections no longer existed in Missouri.

On August 24, 2004, the bankruptcy court denied Stage's motion to dismiss. The bankruptcy court held that her argument regarding collateral estoppel was premature because Osborne had not filed a motion for summary judgment. It also held that Stage had presented no legal authority to support the proposition that the abolishment of a tort action voids a prior final judgment based on that tort.

On September 7, 2004, Osborne filed a motion for summary judgment based on collateral estoppel. She claimed that the judgment in state court for alienation of affections had already determined that Stage's actions caused her malicious and willful injury thereby making the judgment non-dischargeable under § 523(a)(6). Stage did not deny the existence of the judgment, but argued that the litigation in state court did not establish that she acted willfully or maliciously.

On September 27, 2004, the bankruptcy court granted Osborne summary judgment, concluding that collateral estoppel applied. The court held that the judgment for alienation of affections in state court established that Stage willfully and maliciously injured Osborne. The court also

---

1. This was labeled as instruction # 6. The record does not indicate whether the court gave the jury any other instructions.

2. Made applicable in this adversary proceeding by Fed. R. Bankr.P. 7012(b).

held that Missouri's abolishment of the intentional tort of alienation of affections did not affect Osborne's judgment.

Stage appeals the bankruptcy court's September 27, 2004 order and judgment.

## STANDARD OF REVIEW

■ We review de novo the bankruptcy court's conclusions of law, including the application of collateral estoppel. *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir.1999). Summary judgment was properly granted if, assuming all reasonable inferences favorable to the non-moving party, there is no genuine issue as to material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings under Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

### VALIDITY OF THE JUDGMENT FOR ALIENATION OF AFFECTIONS

We begin first with the threshold issue. Stage argues that the bankruptcy court erred when it concluded that the abolishment of the tort of alienation of affections did not affect the validity of a prior final judgment based on that tort.

■ The tort of alienation of affections has, in fact, been abolished in the State of Missouri. *Helsel v. Noellsch*, 107 S.W.3d 231, 233 (Mo.2003). While the Missouri Supreme Court has not addressed the issue, the Missouri Court of Appeals, Western District has ruled that the abolishment of the cause of action is to be given retrospective application. *Scott v. LeClercq*, 136 S.W.3d 183, 190 (Mo.Ct. App.2004). In *Scott*, the trial court awarded a judgment to the plaintiff for defamation and alienation of affections. The de-fendant appealed and the appeal was pending when the Missouri Supreme Court abolished the tort in *Helsel.* The court in *Scott* found that *Helsel* applied in that case and therefore ruled that the abolishment of the cause of action applied retrospectively. *Scott*, 136 S.W.3d at 190.

■ In this case, Osborne does not have and is not asserting a cause of action for alienation of affections. She has a judgment. A case is not pending because the judgment is final and unappealable. *State ex rel. Faith Hosp. v. Enright*, 706 S.W.2d 852, 854 (Mo.1986). Stage is not asserting an alienation of affections claim, she is asserting an exception to discharge claim based on her judgment. We agree with the bankruptcy court's conclusion that the abolishment of the tort of alienation of affections neither affects the validity of a prior final judgment based upon that tort nor bars her from seeking a determination of its dischargeability.

### COLLATERAL ESTOPPEL

■ Collateral estoppel is a legal doctrine that "bars relitigation of factual or legal issues that were determined in a prior...court action". *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991). Collateral estoppel applies to relitigation in federal court of state court decisions. *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 640 (8th Cir. 1999). Federal courts are required by statute to give full faith and credit to state court judgments. State court judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law for usage of such State, Territory, or Possession from which they are taken" 28 U.S.C. § 1738.

■ The purposes of collateral estoppel are to (1) relieve the parties of the expense

and vexation of attending multiple lawsuits, (2) conserve judicial resources, (3) foster reliance on judicial action by minimizing the possibility of inconsistent decisions. *Montana v. U.S.*, 440 U.S. 147, 162, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

The substantive law of the forum state is used when applying the doctrine of collateral estoppel. *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1475 (8th Cir. 1994). Thus, we look to the law of Missouri to determine whether collateral estoppel applies.

The elements of collateral estoppel in Missouri are (1) The issues in the prior and present litigation are identical, (2) there is a prior judgment on the merits, (3) the party against whom collateral estoppel is asserted is the same as, or in privity with, the party in the prior suit, (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo.1996); *see also Nichols v. City of St. Louis*, 837 F.2d 833, 835 (8th Cir.1988) (applying Mo. law). The doctrine applies only to those issues which were necessarily and unambiguously decided. *American Polled Hereford Assoc. v. City of Kansas City*, 626 S.W.2d 237, 241 (Mo.1982).

Stage concedes that the second, third and fourth elements are satisfied. The parties are identical, there was a prior judgment by a court of competent jurisdiction and Stage had a full and fair opportunity to litigate the issue in state court. The dispute is over the first element. The parties do not agree on whether the issues are identical and specifically whether the

elements of alienation of affections establish willful and malicious injury for the purposes of 11 U.S.C. § 523(a)(6).

### 11 U.S.C. § 523(a)(6)

11 U.S.C. § 523(a)(6) reads in pertinent part "A discharge...does not discharge an individual debtor from any debt...for willful and malicious injury by the debtor to another entity or the property of another entity." In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fischer*, 171 F.3d at 641.

### *Willfulness*

The Supreme Court addressed the term "willful" for purposes of § 523(a)(6) and concluded that the word "willful" modifies the word "injury". This indicates that the exception to discharge requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

The category of injury that the Supreme Court envisioned was that of an intentional tort. "[T]he (a)(6) formulation triggers...the category of intentional torts, as distinguished from negligent or reckless torts." *Geiger*, 523 at 62, 118 S.Ct. 974; affirming the Eighth Circuit in *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 852 (8th Cir.1997) (en banc).[3] Intentional torts generally require that the actor intend the "consequences of an act, and not just the act itself." Restatement (Second) of Torts § 8A cmt. a.

The Restatement (Second) of Torts makes a distinction between injury and harm. Injury, as used in the Restate-

---

**3.** The Eighth Circuit ruled that a debt cannot be excepted from discharge under 11 U.S.C. § 523(a)(6), unless it is based on an intentional tort.

ment, denotes an invasion of any legally protected interest of another. Restatement (Second) of Torts § 7(1). Comment *a* to this section clarifies this by stating "...there has been an invasion of a legally protected interest which, if it were the legal consequence of a tortious act, would entitle the person suffering the invasion to maintain an action of tort". Thus willfulness means that the defendant intended the *injury*.

### Maliciousness

The Supreme Court did not address the meaning of malicious in *Geiger*. *Allstate Insurance v. Dziuk (In re Dziuk)*, 218 B.R. 485 (Bankr.D.Minn.1998).

 In the Eighth Circuit, an injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir.1996); *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991). Intentional harm is difficult to establish, but the likelihood of harm in an objective sense may be considered in evaluating intent. *Barclays American Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir.1985). The mere violation of legal rights is not enough to show malice "absent some additional aggravated circumstances". *Id.*

 In the Restatement, harm (as distinguished from injury) "denote[s] the existence of loss or detriment in fact of any kind to a person resulting from any cause." Restatement (Second) of Torts § 7(2). Comment *c* clarifies this by stating that the existence of loss or detriment need not necessarily be the invasion of a legally protected interest. The Eighth Circuit's definition of malicious focuses on the resultant harm done to the creditor. *Waugh*, 95 F.3d at 711. It is the intent to cause *harm* which must exist for an injury to be malicious.

### Summary

In sum, the debtor must have intended the injury to the creditor (willful) and intended the harm to the creditor (malicious). *In re Dziuk*, 218 B.R. at 487. The willful element is satisfied if the injury is the result of an intentional tort. The malicious element is satisfied if, in committing the intentional tort, the perpetrator intended the resulting harm, or the harm was substantially certain or nearly certain to result. See *Waugh*, 95 F.3d at 711; *Long*, 774 F.2d at 881.

## ALIENATION OF AFFECTIONS

 Alienation of affections is an intentional tort. In Missouri, the elements of this cause of action are, (a) the defendant's wrongful conduct, (b) the plaintiff's loss of the affections or consortium of his or her spouse, and (c) the causal connection between such conduct of the defendant and the loss by the plaintiff. *Gibson v. Frowein*, 400 S.W.2d 418, 421 (Mo.1966). "[A]n action for alienation of affections is based on inherently wrongful acts of the defendant intentionally done which have the natural and probable consequences of alienating the affections of the spouse of the plaintiff, and which in the particular case had that result." *Gibson*, 400 S.W.2d at 421.

In other words, the acts which constitute the wrongful conduct must be intentional, but proof that the defendant had an actual intent to alienate the affections of the plaintiff's spouse is not necessary. The acts by the defendant that have the effect of alienating the affections of the plaintiff's spouse are considered inherently wrong and seductive. *Kraus v. Kraus*, 693 S.W.2d 869, 873 (Mo.Ct.App.1985).

494

■ Under the Restatement (Second) of Torts "One who purposely alienate's one spouse's affections from the other spouse is subject to liability for the harm thus caused to any of the other spouse's legally protected marital interests." Restatement (Second) of Torts § 683 (1977). According to the Restatement, protected marital interests include "affections, society and companionship of the other spouse, sexual relations, the exclusive enjoyment of them, services in the home, and support". *Id.* cmt. c. In addition, it is not necessary that the actor be motivated by ill will toward the other spouse. In fact, one may be subject to liability even in an absence of a desire to divert the spouse's affections to the actor or any other person. *Id.* cmt. j.

■ The Eighth Circuit indicated that the key component of an alienation of affections action is enticement. "It is based on an intentional tort and not on negligence." *Jones v. Swanson,* 341 F.3d 723, 732 (8th Cir.2003) (interpreting S.D. law which is nearly identical to Mo. law) citing *Pankratz v. Miller,* 401 N.W.2d 543, 548–549 (S.D.1987). It is a general rule for the tort that an actual intent to alienate the affections of the spouse of another need not be shown, "if the defendant's conduct is inherently wrong and tends to, and does, have that effect." *Id.*[4]

■ In *Jones,* the defendant claimed that the district court erred in rejecting his jury instruction which would have required the jury to find that the defendant's actions against the plaintiff were "intentional and malicious". The Eighth Circuit affirmed indicating that the instruction

used in the district court case was nearly identical to that used in the state court. *Jones,* 341 F.3d at 735 citing *Veeder v. Kennedy,* 589 N.W.2d 610 at 618 (S.D. 1999).[5] Clearly maliciousness is not an element of the tort of alienation of affections.

## APPLICATION OF COLLATERAL ESTOPPEL

In this case, the issue is whether the bankruptcy court properly applied collateral estoppel. The bankruptcy court held that Osborne need not prove willfulness or maliciousness because both had already been established by the state court judgment. We agree as to willfulness, but disagree as to maliciousness.

■ The Supreme Court clearly indicated that willfulness for purposes of § 523(a)(6) was intended to encompass intentional torts. Osborne proved in state court that Stage alienated the affections of her spouse and therefore caused her injury. Osborne needed only to prove that Stage intended the inherently wrongful acts which resulted in Osborne's loss of consortium. The judgment for liability for alienation of affections established that Stage intended the injury; therefore willfulness has been established by the state court judgment.

■ Osborne argues that for the purposes of the state court action, the intent to harm is presumed as the natural and probable consequence of the inherently wrongful act. See *Gibson,* 400 S.W.2d at 421. While we are not sure this is a strictly accurate characterization of the

---

4. The elements are of alienation of affection in S.D. are (a) wrongful conduct of the defendant, (b) loss of affection or consortium, and (c) a causal connection between the wrongful conduct and the loss of affection and consortium. *Hunt v. Hunt,* 309 N.W.2d 818, 820 (S.D.1981).

5. The affirmed jury instruction required "wrongful conduct" and not "intentional and malicious" conduct.

law, even if it is, a presumption of harm is not the same as proving an intent to harm.

The jury did not find that Stage acted with an intent to harm Osborne, that was presumed. By stating the intent to harm is presumed, the Missouri Supreme Court is saying that it is not an element of the offense that must be proved. In fact, the court indicates that "actual intent to alienate the affections of plaintiff's spouse is not necessary." *Id.* As the U.S. Supreme Court has stated "A conclusive presumption which testimony could not overthrow would effectively eliminate intent as an ingredient of the offense." *Morissette v. U.S.*, 342 U.S. 246, 275, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

Osborne's judgment did not establish that Stage acted maliciously when she alienated the affections of Osborne's husband. The judgment established that Stage's actions resulted in an injury to Osborne and the judgment reflected that violation of a legally protected right. The judgment did not establish that she intended to harm Osborne.

Osborne relies heavily on the verdict director. The director instructed the jury to find for Osborne if it found "First, Plaintiff was married to Daniel Osborne, and Second, Defendant, Cynthia Stage caused Plaintiff to lose the society, comfort, affection and assistance of Daniel Osborne, and Third, Defendant did so intentionally and Fourth Plaintiff was thereby damaged." The verdict director cites two cases: *Miller v. Neill*, 867 S.W.2d 523 (Mo.Ct.App.1993); *Kraus v. Kraus*, 693 S.W.2d 869 (Mo.Ct.App.1985). In both cases, the juries received similar directives, but the directives were based on the intent required for alienation of affections.

In *Miller*, the defendant appealed a verdict director claiming it was in error because it allowed the jury to award damages for "the doing of acts which were not intended to cause an alienation of [plaintiff's] affections." *Miller*, 867 S.W.2d at 526. The court ruled that the defendant need not have intended to cause an alienation of affections, he need only to have intended to do the acts which resulted in the loss of consortium. *Id.*

In *Kraus*, the court concluded that while the acts constituting the wrongful conduct must have been intentional, "proof that the defendant had an actual intent to alienate the affections of the plaintiff's spouse is not necessary if the acts and the conduct of the defendant are inherently wrong." *Kraus*, 693 S.W.2d at 873. In addition, in *Kraus* the court concluded that a plaintiff established a prima facie case when she had proved "the wrongful acts of the defendant intentionally done have caused the plaintiff to suffer a loss of consortium of her spouse." *Id.* In bankruptcy terms, proof of intent to harm is not a requirement of alienation of affections. The verdict director on intent must be read in light of the cases interpreting it. "Did so intentionally," refers to the injury, not the harm.

## CONCLUSION

The intent in an alienation of affections cause of action need only be to engage in acts that are inherently wrongful, not ones that are intended to cause harm to the plaintiff. *Gibson*, 400 S.W.2d at 421. Therefore, the jury need only have found that the plaintiff acted with the intent required to meet the elements of alienation of affections. By finding Stage liable for alienation of affections, the jury did not necessarily find that she acted maliciously by intending to harm Osborne, only that she acted willfully to cause the injury. If the jury did not determine whether Stage intended to harm Osborne, it did not es-

tablish that Stage's actions were malicious for purposes of 11 U.S.C. § 523(a)(6).

We hold that the judgment for alienation of affections in Missouri state court established that Cynthia Stage acted willfully, but not maliciously. Therefore we reverse the bankruptcy court grant of summary judgment. To prevail, Osborne must prove that Stage's actions were targeted at her, i.e. that Stage intended to harm her.