# United States Bankruptcy Appellate Panel
### For the Eighth Circuit

_____

No. 16-6022

_____

In re: David Eugene Yuska

*Debtor*

------------------------------

David Eugene Yuska

*Plaintiff - Appellant*

v.

Iowa Department of Revenue

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 19, 2017
Filed: May 8, 2017

_____

Before SALADINO, Chief Judge, KRESSEL and NAIL, Bankruptcy Judges.

_____

Kressel, Bankruptcy Judge.

David Eugene Yuska appeals from an order of the bankruptcy court [1]granting the Iowa Department of Revenue's motion for summary judgment and dismissing his adversary proceeding. We affirm.

## BACKGROUND

Yuska filed a Chapter 13 bankruptcy petition on September 29, 2014. The case was later converted to a Chapter 7 case. On February 9, 2015, Yuska filed a complaint against the Iowa Department of Revenue, asking the bankruptcy court to set aside the department's tax assessments for tax years 2004-2013.

The department filed an answer and asserted defenses of issue and claim preclusion among others. It also filed a motion asking the bankruptcy court to abstain from hearing the constitutional question and the legality of the department's assessment procedure. It filed another motion asking the court to dismiss Yusuka's claim regarding the 2007 tax assessment based on claim preclusion because on November 29, 2012, an administrative law judge already decided the issue and Yuska did not appeal that decision. It later moved for summary judgment of the entire proceeding arguing that there were no genuine issues of material fact about the amount of taxes assessed.

Yuska filed numerous responses to the department's motions. Yuska made general legal argument as to the constitutionality of the Iowa income tax statute. He argued that the income tax statute was unconstitutional under Article VII, Section 7 of the Iowa constitution. He argued that Iowa Code 422.5 that imposes taxes is unconstitutionally vague because it does not state the object of the tax as required by the constitution but instead another section of Chapter 422 provides the object.

---

[1] The Honorable Thad J. Collins, Chief Judge, United States Bankruptcy Court for The Northern District of Iowa.

He also argued that the department improperly relied on information from the Internal Revenue Service because that information doesn't show that it was derived from the United States Internal Revenue Code and he doesn't owe income tax under the Internal Revenue Code. He also argued that he is no longer a citizen because he renounced his U.S. citizenship and Iowa residency and appeared in court on behalf of "ens legis," a legal entity that does not owe taxes.

After many continued hearings and extensions for submissions requested by Yuska and granted by the bankruptcy court, the court held a hearing on April 26, 2016 and took the matter under advisement. On May 12, 2016, before the court made a determination of the motion, Yuska filed a motion to file new evidence. The court denied the motion and entered an order stating that no further briefing or supplements would be considered by the court.

In its July 6, 2016 order, the bankruptcy court concluded that there were no genuine issues of material fact. Yuska resided in Iowa and received rental income, wages, salaries, interest, dividends, capital gains and other income while living in Iowa for the tax years in question, but he did not pay Iowa income taxes.

The bankruptcy court concluded that, in Iowa, an administrative determination is given the same preclusive effect as the judgment of a court. The court held that Yuska's claim that he does not owe income tax liability for 2007 is barred by claim preclusion because the bankruptcy court cannot determine the taxes or the legality of the 2007 tax liability that have been decided by the administrative law judge. The court also held that Yuska's challenge to the department's right and authority to tax or the department's assessment procedure is barred by issue preclusion because those arguments were also considered and rejected by the administrative law judge.

The bankruptcy court also considered and rejected Yuska's other legal arguments. The court held that Yuska's argument that the income tax statute is unconstitutional because it does not state the object to which the tax is to be applied and required looking to multiple sections to find the tax and object, unpersuasive because Iowa income statute has been upheld by the Iowa Supreme Court as constitutional.

The court also rejected Yuska's argument that the department did not properly calculate his tax liability because he doesn't owe any taxes under the Internal Revenue Code. The court held that the "Iowa income tax uses the federal taxable income number to determine the amount of tax owing" and Yuska's "Iowa tax liability is not tied to his federal tax liability." The court also held that the fact that Yuska declared that he renounced his U.S. citizenship does not excuse tax liability and is not an effective renunciation of citizenship. Anyway, the court found Yuska is a tax payer for the tax years in question.

The court also rejected Yuska's argument that it was improper for the department to impose the "75% fraud penalty for tax years 2011-2013 because the department found that he had a clear pattern of intentionally and repeatedly concealing his income, continuously failing to submit income tax returns, and evading paying taxes when" assessed. The court held that the department provided clear and convincing evidence that showed the fraud penalties were proper. The court also rejected Yuska's argument that the bankruptcy court did not have jurisdiction over him because he was a minor during the adversary proceeding and when the department made the assessment. The court granted the department's summary judgment motion and dismissed the adversary proceeding.

## ISSUES ON APPEAL

Yuska appeals the bankruptcy court's order granting summary judgment to the department.[2] Yuska raises three main issues on appeal. He asserts that the bankruptcy court improperly denied his motion to file newly discovered evidence. He argues that the Iowa income tax statute is unconstitutional because the statute does not have an object for the tax in the same statute as required by the Iowa constitution. He also states that the income tax statute is void for vagueness and therefore unconstitutional.

## ANALYSIS

### *Standard of Review*

We review a bankruptcy court's grant of summary judgment *de novo*. *In re Farmland Indus., Inc.*, 408 B.R. 497, 503 (B.A.P. 8th Cir. 2009) (8th Cir. 2011) (Citing *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008)). The applicability of collateral estoppel is a question of law which we also review *de novo*. *Id*. (Citing *United States v. Brekke,* 97 F.3d 1043, 1046–47 (8th Cir.1996); *Osborne v. Stage (In re Stage),* 321 B.R. 486, 491 (8th Cir. BAP 2005)).

### *Denial of Motion to Submit New Evidence*

Yuska argues that it was improper for the bankruptcy court to deny his motion to file newly discovered evidence. Because the motion would be untimely under either Fed. R. Civ. P. 52 or 59, we construe that motion as one under Fed. R. Civ. P. 60(b)(2) made applicable through Fed. R. Bank. P. 9024. The court's denial of the motion to submit new evidence is reviewed for abuse of discretion. *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir.2005); *Broadway v. Norris,* 193 F.3d 987, 989 (8th

---

[2] Yuska requested an oral argument. We hold that it will not be helpful to this appeal.

Cir.1999). A moving party must show that newly discovered evidence is material and would probably produce a different result. *Greyhound Lines, Inc. v. Wade,* 485 F.3d 1032, 1036 (8th Cir. 2007).

Yuska's motion did not deal with newly discovered evidence at all, but was just an attempt to make more arguments for why the income statute was void for vagueness. The bankruptcy court did not abuse its discretion in denying the motion. Additionally, Yuska was given ample time to supplement his case. He had from November 16, 2015, when the department filed its motion and until April 26, 2016's hearing date, to file additional documents. Yuska was afforded numerous extensions to file additional documents and rescheduled hearings. We think the bankruptcy court's patience resembled that of Job.

### *Motion for Summary Judgment*

"Summary judgment is appropriate only when all the evidence presented demonstrates that there is no genuine issue as of any material fact and the moving party is entitled to judgment as a matter of law." *Jafarpour v. Shahrokhi*, (*In re Shahrokhi*), 266 B.R. 702, 706 (B.A.P. 8th Cir. 2001). In a summary judgment motion, the initial burden of proof is on the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Jafarpour* 266 B.R. at 706 (Quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325(1986)). Once this is met, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (Internal quotation omitted). The bankruptcy court carefully considered the facts asserted by both parties and determined that the facts were undisputed. We agree.

6

### *Claim Preclusion*

The doctrine of *res judicata*, also known as claim preclusion is a question of law which we review de novo. *United States v. Brekke,* 97 F.3d 1043, 1046–47 (8th Cir.1996); *Osborne v. Stage (In re Stage),* 321 B.R. 486, 491 (B.A.P. 8th Cir. 2005). Claim preclusion "provides a valid and final judgment on a claim precludes a second action on that claim or any part of it." *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006). Therefore, the rule "applies to every matter which was offered and received to sustain or defeat the claim or demand." *Id*. It also applies to any other admissible matter which could have been offered for that purpose, foreclosing litigation of matters that have been litigated. *Id*. The party against whom preclusion is asserted had a "full and fair opportunity" to litigate the claim or issue in the first action. *Id*.

Thus, the party seeking to invoke the doctrine of claim preclusion must establish three elements: (1) "the parties in the first and second action were the same"; (2) "the claim in the second suit could have been fully and fairly adjudicated in the prior case"; and (3) "there was a final judgment on the merits in the first action." *Id*. (Citing *Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002) (citations omitted).

We hold that the bankruptcy court did not err when it gave a *res judicata* effect to Yuska's claim. Under Iowa law, the administrative law judge's determinations are given the same preclusive effect as the judgment of a court. *George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868 (Iowa 2009). The court properly held that the administrative law judge's decision was a prior judgment rendered by a court of competent jurisdiction that was a final judgment on the merits. Yuska raised the same cause of action as he did when he challenged the 2007 assessment in the

7

administrative proceeding, and both parties in that action and this case were the same.

### *Issue Preclusion*

The doctrine of collateral estoppel or issue preclusion "prevents parties to a prior action in which judgment was entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). Therefore, "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Id.*

The party seeking to invoke the doctrine of issue preclusion must establish the following four elements: (1) "the issue concluded must be identical"; (2) "the issue must have been raised and litigated in the prior action"; (3) "the issue must have been material and relevant to the disposition of the prior action"; and (4) "the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment." *Id.*

We hold that the bankruptcy court did not err when it applied collateral estoppel to Yuska's claim regarding the constitutionality of Iowa's income statute and the department's assessment procedures because that same issue was litigated before and decided by the administrative law judge. The administrative law judge made a determination about the issue that was an essential decision in that action. Its determinations have the same preclusive effect as the judgment of a court. *George*, 762 N.W.2d at 868. Yuska's challenge to the income statute and the department's procedure are collaterally estopped.

8

### *Void for Vagueness*

Yuska argues that the Iowa income statute is void for vagueness and therefore unconstitutional. Yuska is making this argument for the first time on appeal. We normally do not consider new arguments on appeal. *Krigel v. Sterling National Bank* (*In re Ward*), 230 B.R. 115, 118 (B.A.P. 8th Cir. 1999) (Citing *Forbes v. Forbes* (*In re Forbes*), 218 B.R. 48, 51 (B.A.P. 8th Cir. 1998). However, we may consider the new argument if it merely constitutes a shift in approach. *Id*. (Citing *Universal Title Uns. Co. v. United States*, 942 F. 2d 1311, 1314 (B.A.P. 8th Cir. 1991)). We also have discretion to consider an issue for the first time on appeal "when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." *Id*.

Yuska's argument that the Iowa income statute is not constitutional because it is void for vagueness is not merely a shift in approach. This argument requires factual support. Nevertheless his argument still fails because the Iowa Supreme Court has upheld the income statute as constitutional on numerous occasions. *Hale v. Iowa Bd. Of Assessment and Revenue*, 271 N.W. 168, 174 (Iowa 1937); *Vilas v. Iowa State Bd. of Assessment and Revenue*, 273 N.W. 338, 346 (Iowa 1937). Additionally, the Rooker-Feldman doctrine prevents the bankruptcy court and us from reviewing the state supreme court's decisions.

### *Other Arguments*

Yuska argues that Iowa is not a state and therefore he doesn't owe taxes. We disagree. We hold that Iowa is a state. He also argues that he is not a citizen of the U.S. or a resident of Iowa and therefore doesn't owe taxes. But even if that were true, non-citizens must pay taxes, too. Yuska's other arguments are frivolous and we reject them.

## CONCLUSION

We find no error in the bankruptcy court's legal conclusions or its decision. Accordingly, we affirm.

_____